## ADAMS v. MILES et al.

Motion No. 9496; No. 1210—5052.

Commission of Appeals of Texas, Section B.

July 22, 1931.

For former opinion, see 35 S.W.(2d) 123.

Perkins & Floyd, of Alice, for plaintiff in error.

L. Broeter, of Alice, for defendants in error.

SHORT, P. J.

The defendants in error's motion for rehearing, to set aside the judgment rendered on the 4th day of February, 1931, reversing and remanding this cause, and to grant them a rehearing and affirm the judgment of the Court of Civil Appeals affirming that of the district court, in substance, presents that we erred in holding that the record does not state facts sufficient on the proposition that there was a surplus in the state available fund belonging to said school district, after deducting all the necessary expenses, to maintain the schools in said district for eight months in the year.

In support of said contention, the motion calls our attention to article 2903, R. S. 1925, which provides: "The scholastic year shall commence on the first day of September of each year and end on the thirty-first day of August thereafter." The motion then proceeds to state, in substance, the allegation of the defendants in error in their motion to dissolve the temporary injunction in this case, which motion is verified by affidavit and is unchallenged, to the effect that the school district of district No. 12 had been maintained and conducted for the years 1926–27, and that the vouchers attempted to be enjoined were issued on August 29, 1927, which was before the expiration of that school year, and were paid out of surplus funds remaining to the credit of the district, after said school had been conducted, contending that the vouchers were paid out of the surplus fund remaining to the credit of said district after said school had been conducted for eight months, by the use of the available fund, which was sufficient, and that these vouchers were in compliance with subdivision 2, article 2827, R. S. 1925, which is as follows: "Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees, the accounts and vouchers for county districts to be approved by the county superintendent; provided, that when the State available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein."

The original opinion, 35 S.W.(2d) 123, held that the facts disclosed by the record do not show there was a surplus in the state available fund belonging to said district, after deducting all the necessary expenses to maintain the said school for eight months in the year. Upon a reconsideration of the record, we are convinced that this part of the original opinion is error, for the reason that the record does show affirmatively the facts, as contended by the defendants in error in their motion for rehearing, and that said original opinion, in so far as it sustains the plaintiff in error's first assignment of error, which challenges the action of the district court in overruling the plaintiff in error's general demurrer to the defendants in error's motion to dissolve the writ of injunction, should be set

aside, from which it follows that so much of the original opinion which reverses the judgment of the Court of Civil Appeals affirming that of the district court should be vacated, and that the judgments of the courts be in all things affirmed.

We therefore recommend that the judgment of the Supreme Court, entered on the recommendation of this section of the Commission of Appeals, rendered herein on the 4th day of February, 1931, reversing the judgments of the Court of Civil Appeals and the district court, and remanding this cause to the district court, be set aside, and that the judgment (300 S. W. 211) of the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, affirming that of the district court, be affirmed.

CURETON, C. J.

Motion for rehearing granted, previous judgment set aside, and the judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.