

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 22, 1960

Honorable J. W. Edgar
Commissioner of Education
Austin, Texas

Dear Dr. Edgar:

Opinion No. WW-892

Re: May a junior college
district legally expend
local maintenance funds
when available for estab-
lishment and operation of
a television station facil-
ity (to be located within
or without the district) as
a cooperative educational
project with other public
educational entities.

We are in receipt of your letter requesting our
opinion on certain questions concerning the legality
of an educational television station.

Your questions read as follows:

"May a junior college district legally
expend local maintenance funds when available:

"1. For establishment and operation of
a television station facility (to be located
within or without the district) as a coopera-
tive educational project with other public
educational entities?

"2. For the costs of providing or ser-
vicing the district with educational tele-
vision broadcasts from a television channel
or station?

"3. And/or for the costs of procurement
from and televising by a certain television
station of educational programs or services
designated by the District for augmentation
of its educational program?"

The authorized expenditures for which local maintenance funds may be used are set out in Article 2827, Vernon's Civil Statutes, which reads in part as follows:

"The public free school funds shall not be expended except for the following purposes:

". . .

"2. Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the board of trustees . . ."

Article 2827 quoted above is applicable to Junior College Districts by virtue of Article 2815h, Section 5, Vernon's Civil Statutes, which reads as follows:

"The Board of Trustees of Junior College Districts shall be governed in the establishment, management and control of the Junior College by the General Law governing the establishment, management and control of Independent School Districts insofar as the General Law is applicable."

Section 20 of Article 2815h, Vernon's Civil Statutes, reads in part as follows:

". . . Said Board of Trustees shall . . . and as such they shall constitute a body corporate by the name of the Junior College District _____, State of Texas, and in that name may acquire and hold real and personal property, sue and be sued, and may receive bequests and donations, or other moneys or funds coming legally into their hands, and may perform other acts for the promotion of education in said district."

It is our opinion that the language of this Section quoted above does not expand or enlarge the purposes for which junior college funds may be expended but rather it pertains only to the authority of the trustees to perform acts as a corporate body in the name of the junior college, the authorization for the particular acts being elsewhere in the statutes.

We believe that the answer to your first question is controlled by Attorney Gneral's Opinion O-4573 (1942), a copy of which is attached hereto, and the authorities cited therein, which hold that a junior college district may legally expend local maintenance funds for erection of a school building provided that the funds used are surplus funds and that a deficiency debt is not thereby created against the district. This raises the question of whether or not a television station facility is a school building.

In Adams v. Miles, 300 S.W. 211 (1927), the Court of Civil Appeals in an opinion affirmed by the Commission of Appeals in 41 S.W. 2d 21 said the following:

> "We are of the opinion that under the powers granted common school district trustees by the statutes above referred to (Sec. 1, Art. VII, Tex. Const., Arts. 2748, 2749, 2827, R.C.S.), those trustees have the authority, to be reasonably exercised within their discretion, to appropriate the surplus funds in their hands to the construction of a 'school-house', such as that proposed here, to be used by them in providing 'living quarters for the teachers of said school, and for such other purposes as to the trustees of said district may seem proper or necessary in conducting said school'."

In Mosely v. City of Dallas, 17 S.W. 2d 36 (Comm. App.), the Court recognized that the board of trustees may exercise considerable discretion as to the purposes for which the public free school funds may be expended due to the language of Article 2827.

The case of Young v. Linwood School District No. 17, 97 S.W. 2d 627, involved the question of whether or not a gymnasium building with rooms for home economics and

Honorable J. W. Edgar, Page 4 (WW-892)

vocational agriculture was a school building under a statute authorizing the issuance bonds for building and equipping school buildings.  The Supreme Court of Arkansas held that it was a school building and the following language is from their opinion:

> ". . . we think the words 'school build-
> ings', as used therein, mean any such school
> district building as may be needful, necessary,
> or proper for the conduct of a school in said
> district."

Article 2815r-1 specifically authorizes the several governing boards of the Junior Colleges to enter into contracts with municipalities and school districts for the joint construction of buildings and other structures.

In view of the foregoing authorities it is our opinion that a junior college district may legally expend local maintenance funds when available for establishment and operation of a television station facility as a cooperative educational project with other public educational entities where the trustees determine such a project to be necessary in the conduct of the school.

You are, therefore, advised that the answer to your first question is in the affirmative if the facility is located within the district; and provided only surplus funds are used and a deficiency debt is not thereby created against the district.  If the television station facility is to be located without the district, then your first question must be answered in the negative in view of Attorney General's Opinion O-4573 cited earlier, which holds that buildings must be located within the district.  Article 2815r-1, referred to above, was enacted after Attorney General's Opinion O-4573 and since the joint construction of a building, pursuant to Article 2815r-1, would require the building to be outside one or more of the districts in many cases it would appear that a building constructed pursuant to Article 2815r-1 might be within or without the district. It is our opinion, however, that the language of Article VII, Section 3, of the Texas Constitution, which authorizes school districts to levy local taxes, would require that buildings financed with these local tax funds be within the district. Section 3 of Article VII of the Texas Constitution reads in part as follows:

> "Sec. 3.  School Taxes; Creation of Districts

Honorable J. W. Edgar, Page 5 (WW-892)

> ". . . and the Legislature may authorize
> an additional ad valorem tax to be levied and
> collected within all school districts hereto-
> fore formed or hereafter formed, for the fur-
> ther maintenance of public free schools, and
> for the erection and equipment of school build-
> ings therein; . . ." (Emphasis added)

From the authorities cited above we conclude that the question of whether or not a junior college district may expend local maintenance funds when available for either the cost of providing or servicing the district with educational television or for the costs of educational programs or services for the augmentation of its educational program is a question that rests within the sound discretion of the trustees of said district. Questions 2 and 3 are, therefore, answered in the affirmative, provided that the trustees in the exercise of their discretion determine that such activities are necessary in the conduct of the school.

## S U M M A R Y

A junior college district may legally expend local maintenance funds when available for establishment and operation of a television station facility (located within the district) as a cooperative educational project with other public educational entities, provided the trustees of the district in the exercise of their discretion determine such a project to be necessary in the conduct of the school, and provided further that only surplus funds are used and a deficiency debt is not thereby created against the district. Such funds may also be legally expended for the costs of providing the district with educational television broadcasts or for the procurement and televising of programs to augment

the district's program where the trustees in the exercise of their discretion determine these activities to be necessary in the conduct of the school.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  *Robert A. Rowland*
Robert A. Rowland
Assistant

RAR:mm


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Martin DeStefano
Riley Eugene Fletcher
Howard Mays
John C. Phillips

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore