On Request for Leave to File Second Motion for Rehearing.

HAWKINS, J.

The views of this court regarding when a second motion for rehearing should be considered were expressed in Hickman v. State, 93 Tex. Cr. R. 407, 247 S. W. 518, and in Calley v. State, 103 Tex. Cr. R. 53, 279 S. W. 848.

The motion here sought to be presented is not thought to be within contemplation of the authorities cited. The points discussed upon consideration of the motion for rehearing are only reurged in the second motion, and the conclusion heretofore announced is not thought to be erroneous.

The request for leave to file second motion for rehearing is denied.

MADISON et al. v. MARTINEZ et al.
No. 11066.

Court of Civil Appeals of Texas. Dallas.
July 3, 1931.

Rehearing Denied Oct. 3, 1931.

Ross M. Scott, of Dallas, for appellants.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellees.

JONES, C. J.

Appellant Mrs. D. B. Madison, joined pro forma by her husband, T. B. Madison, instituted a suit in a district court of Dallas county, Tex. to have a judgment of forcible detainer, entered in a Dallas county court at Law in favor of appellee, P. P. Martinez, and against appellant T. B. Madison, declared void and to restrain said Martinez and Hal Hood, sheriff of Dallas county, the other appellee,

from executing the writ of restitution issued on said judgment. A temporary restraining order was granted ex parte, and appellees were given notice to appear and show cause why a temporary writ of injunction should not issue. At such hearing the temporary restraining order was dissolved, the application for a temporary writ of injunction was refused, and appellants have duly perfected an appeal to this court. When the term "appellee" is used, it will refer to Martinez. The following are the necessary facts:

The temporary injunction prayed for was to prevent the ouster of appellants from the use and possession, as a homestead, of the property in dispute, which is lot 7 in block 12, Chestnut Hill, an addition to the city of Dallas, pending the suit. When the judgment dissolving the restraining order and denying the prayer for temporary injunction was rendered, appellants in open court requested the court to permit them to file a supersedeas bond, in a sum fixed by the court, and to continue in force the restraining order until an appeal from the order denying the temporary injunction could be determined. The request was denied, the appeal was duly perfected, and this court, on application of appellants, issued a restraining order against appellees prohibiting the enforcement of the writ of restitution until final judgment on this appeal.

Appellants' petition in the district court is couched only in general terms, and does not allege, except in general terms, that the judgment of forcible detainer in the county court at law is void. While such petition is subject in many respects to special exceptions, because of the general terms of its allegations, it is perhaps good as against a general demurrer.

The facts developed on the hearing in the district court are that H. G. Madison, a single man, was at one time the owner of the property in controversy; that on June 13, 1921, he executed a deed of trust lien on the land to Wendall Spence, trustee, for appellee, to secure a note indebtedness of $2,500, executed by H. G. Madison to appellee. This deed of trust contained a power of sale. authorizing the trustee, under named conditions, to sell the property, if H. G. Madison should default in the payment of the note according to its terms. This deed of trust was duly recorded December 15, 1921, in the office of the county clerk of Dallas county.

It appears that, prior to the execution of this deed of trust, H. G. Madison conveyed the property by warranty deed to appellant T. B. Madison for a recited cash consideration of $5,000. The date of this deed was June 15, 1920, but it was not filed for record until September 23, 1922, when it was properly recorded in the records of the county clerk's office of Dallas county. It thus appears, when the deed of trust was executed by H. G. Madison, he actually owned no interest in the land, though the record title was in him at said time. The pleadings do not raise any question as to such condition of the title to the land, unless the general allegation in appellants' petition to the effect that the deed of trust was void be construed as referring to such condition of the title.

By an instrument in writing, duly executed, J. W. Hill was appointed by appellee as substitute trustee in place of Wendall Spence, deceased. On November 7, 1927, the substitute trustee executed to appellee a trustee's deed for the land in question. The deed contained all of the necessary recitations to show that default had been made in payment of the note it secured; that due notice was given to appellant T. B. Madison, and the land duly sold to appellee, the highest bidder, after the due posting of legal notices as to the time and place of such sale.

On November 10, 1927, appellants duly executed to appellee a quitclaim deed "for and in consideration of $10.00 and other considerations to us in hand paid by P. P. Martinez, receipt of which is hereby acknowledged * * *" (the recitation of the consideration in the deed).

On August 1, 1928, appellee and appellants entered into a written lease and option contract, whereby appellants acknowledged appellee to be the owner of the land in controversy, and by means of which he leased the property to appellants for the period of time from August 1, 1928, to December 1, 1928, for a stipulated monthly rental. This contract also gave to appellants an option to purchase the property at the expiration of the lease for a stipulated consideration, consisting of various items, and gave to appellants a right of credit on the purchase price, the amount of rental paid by appellants during the existence of the lease. Appellants also were to be allowed certain other credits, not necessary to mention. This contract also stipulates that, if appellants should fail to exercise the option reserved, they would immediately surrender possession to appellee.

Appellants failed to exercise their option on the termination of the lease, and refused to surrender possession, whereupon appellee filed a forcible detainer suit in a justice court in Dallas county. The trial of such suit resulted in a judgment in favor of appellee, and, on appeal by appellants to a county court at law, judgment was again rendered in appellee's favor March 18, 1931. Appellee attempted to enforce this judgment by causing to be issued a writ of restitution, and placed same in the hands of Hal Hood, sheriff of Dallas county, for execution. Before such writ was executed, appellants filed this suit in a district court of Dallas county, and secured the issuance of the temporary restraining order, which was served on appellees before the writ of restitution was executed. After the entry of the order appealed from, appellants perfected an appeal, and, on their application, this court is-

sued a temporary restraining order prohibiting the execution of the writ pending a decision on the appeal.

As appellees very earnestly challenged the right of this court to issue the restraining order, we deem it proper now to state the reasons for issuing the restraining order before passing to the consideration of this appeal on its merits. The right to appeal from an interlocutory order, granting or refusing to grant, dissolving or refusing to dissolve, a temporary writ of injunction, is given by article 4662, R. C. S. As to the effect of such an interlocutory order in reference to the rights of the parties pending the appeal, this statute contains this clause, "Such appeal shall not have the effect to suspend the order appealed from unless it shall be so ordered by the court or judge who enters the order." It was contended by appellees that this statute rests the suspension of the order appealed from exclusively with the district judge, and that this court has no right to do that which the district judge had refused to do, even though a failure to suspend the order appealed from might result in the destruction of the subject-matter of the appeal, and thereby destroy the effectiveness of a judgment of this court in favor of appellants.

Article 1823, R. C. S., provides that the Courts of Civil Appeals and the judges thereof "may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts." It was contended by appellants that this latter statute grants power to this court to issue a writ of injunction when such writ becomes necessary to protect the jurisdiction of this court over the subject-matter involved, so that any judgment rendered by this court might be effective.

■ It is clear that Courts of Civil Appeals have no original jurisdiction to grant writs of injunction, except to prevent the invasion of their jurisdiction over the subject-matter of a pending appeal, or to prevent an unlawful interference with the enforcement of their judgments and decrees. This court cannot grant a temporary writ of injunction for the purpose of preventing damages that would otherwise flow to a litigant who has a pending appeal in this court. That power rests exclusively with the district judge. In the instant case, if the effect of the refusal of the district court to continue in force the temporary restraining order theretofore granted would result only in damages or inconvenience to appellants, leaving the subject-matter of the appeal in such a condition that the judgment of this court could effectively operate thereon, then this court would be without jurisdiction to grant such relief, because its jurisdiction over the subject-matter of the appeal would not be invaded. City of Laredo v. Martin, 52 Tex. 548; Tipton v. Railway Postal Clerks' Invest. Ass'n (Tex. Civ. App.) 170 S. W. 113; Texas Electric & Ice Co. v. City of Vernon (Tex. Civ. App.) 254 S. W. 503; Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 984; Taylor v. American Trust & Savings Bank (Tex. Civ. App.) 265 S. W. 727; City of Farmersville v. Texas-Louisiana Power Co. et al. (Tex. Civ. App.) 33 S.W.(2d) 271.

■ On the other hand, if the effect of the refusal of the trial court to continue in force the restraining order is to destroy the subject-matter of the appeal, and thereby prevent the effective operation of any judgment this court might render, the jurisdiction of this court would be unlawfully invaded, through the means of the destruction of the subject-matter of the appeal, and the power to issue a proper writ to prevent such condition rests in this court. It was made clear that, if the restraining order did not issue from this court, appellees would execute at once the writ of restitution, and appellants would thereby be ousted of the possession of their alleged homestead before this court could determine their appeal from an order permitting appellees to take such course. If this court should hold, on the merits of this appeal, that the district court erred in refusing to grant the temporary writ of injunction, and should reverse the case with instruction to the judge of the district court to grant the temporary writ, there would be nothing in such an event on which such judgment could operate, and the judgment of this court would be a nullity. The power given to this court by article 1823, supra, to protect its jurisdiction and to enforce its decrees by the issuance of the necessary writs to effect such purpose is merely the legislative declaration of the inherent powers of this court. We do not believe that it was intended by the Legislature to attempt to modify such powers by the enactment of article 4662, supra, and we did not so construe it when we granted the restraining order. Hubbart v. Willis State Bank, 55 Tex. Civ. App. 504, 119 S. W. 711; Gibbons v. Ross (Tex. Civ. App.) 167 S. W. 17; Ford v. State (Tex. Civ. App.) 209 S. W. 490; Moore v. McLennan County et al. (Tex. Civ. App.) 275 S. W. 478.

■ Did the court err in refusing to grant the temporary writ of injunction? At the time the judgment of forcible detainer was rendered against appellants in the county court at law, the record shows that appellee was the owner of the land in controversy, both by virtue of the trustee's deed and appellants' quitclaim deed, the first vesting in appellee the title to the land, and the second vesting in appellee any right or title appellants might have had in the land. The lease contract, on its face, shows that it created the relation of landlord and tenant between appellee and appellants. This contract also shows on its face that the appellants' term of tenancy had ended, and that appellee was entitled to possession of the property in question. Appellants' testimony shows that they were in possession of the property and claiming it as their homestead, and had been in

such possession and made such claim for about eleven years previous to the filing of the forcible detainer suit, and their evidence further shows that appellant Mrs. Madison, who brought this suit, did not know that the forcible detainer suit had been filed until after judgment, and the record shows that she was not a party to such suit.

Appellants claim that Mrs. Madison is not bound by the judgment in the forcible detainer suit, because not a party, and that she was a necessary party because of her homestead estate in the land is not tenable. The property was community property when it was sold under the deed of trust and when appellants executed the quitclaim deed. Under the record title, at the time the lease contract was executed and the forcible detainer suit was filed, appellants only had such right of possession to the property as was given by the lease contract, and hence appellant, T. B. Madison was the only necessary party to such suit. Zimpelman v. Robb, 53 Tex. 274; Waterman Lumber & Supply Co. v. Robins (Tex. Civ. App.) 159 S. W. 360; article 4619, R. C. S. 1925, as amended by 40th Legislature (1927) p. 219, c. 148 (Vernon's Ann. Civ. St. art. 4619); 26 C. J. 837; Childress v. Robinson (Tex. Civ. App.) 161 S. W. 78; Gabb v. Boston, 109 Tex. 26, 193 S. W. 137; Chandler v. Young (Tex. Civ. App.) 216 S. W. 484; Lewright v. Reese (Tex. Civ. App.) 223 S. W. 270; Howell v. Fidelity Lumber Co. (Tex. Com. App.) 228 S. W. 181; Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085; Dallas Plumbing Co. v. Harrington (Tex. Civ. App.) 275 S. W. 190.

The only pleading attacking the validity of the instruments vesting title to the land in appellee is a general allegation in appellants' petition, to the effect that the deed of trust is void. There is no pleading attacking the validity of the quitclaim deed. Under the facts of this case, we do not think the trial court abused its discretion in refusing to grant the temporary writ of injunction. The judgment of the lower court is therefore affirmed.

Affirmed.