Pat **REYES** and **Sonja Reyes,**
**Appellants,**

v.

Bill **ATKINS, Trustee, et al., Appellees.**

No. 18600.

Court of Civil Appeals of Texas,
Fort Worth.

June 25, 1981.

Price & Swander and Steven Swander, Fort Worth, for Pat and Sonja Reyes.

Bill Atkins, Arlington, for Bill Atkins et al.

## OPINION

PER CURIAM.

This is an original proceeding before the appellate court. Relators Pat and Sonja Reyes have requested that we issue a tem- porary injunction preventing the sale by trustee of certain realty under provisions of a deed of trust and real estate lien note pending determination of their appeal from the refusal of the district court to grant a temporary injunction preventing such a sale. This appeal has been duly filed and perfected in this court.

Relators have been required to post a $5,000.00 bond. Respondents are Bill Atkins, Trustee; Dorothy A. Bowen, Richard D. James, William L. James and Brenda S. Winters.

Premise for request for injunction lies in the necessity that sale of the property must be enjoined if jurisdiction of the appeal is to be preserved, for otherwise the case on ap- peal would become moot. The subject mat- ter jurisdiction of this court of the appeal will be destroyed if such sale occurs prior to disposition of the appeal on its merits.

It is fundamental that a court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective. *Dawson v. First National Bank of Troup*, 417 S.W.2d 652 (Tex.Civ.App.—Tyler 1967, no writ) citing *Madison v. Martinez*, 42 S.W.2d 84 (Tex.Civ. App.—Dallas 1931, writ ref'd). It is also well established that a petitioner for injunc- tion would be entitled to the relief for which he prayed under like circumstances. *Padgett v. Mutual Building & Loan Associ- ation*, 504 S.W.2d 535 (Tex.Civ.App.—Fort Worth 1971, no writ); *Powell v. Farm & Home Savings Association*, 509 S.W.2d 734 (Tex.Civ.App.—Forth Worth 1974, no writ); *Collier v. Central National Bank*, 564 S.W.2d 828 (Tex.Civ.App.—Austin 1978, no writ).

Respondents have urged that this court consider the records now filed in the appeal on the merits. This we must decline to do. Premature consideration of such evidence to evaluate Relators' likelihood of prevail- ing on appeal could jeopardize unbiased hearing of the substantive questions to be presented at the appropriate time. Fur- ther, consideration of the statement of facts already filed as a part of the appellate

record could result in discouraging applicants from attempting to comply in good faith with the time limits prescribed for the filing of such records. A record early filed (as was this one) could penalize a litigant by operating to deny him opportunity to be heard in full on the merits of his appeal. For the purposes of this injunction, Relators have shown that their appeal has been properly perfected and will become moot absent an enjoinder.

■ Respondents in oral submission attacked the sufficiency of and sought increase of the $5,000.00 bond now posted. Relators' monthly payment to Respondents under the promissory note is $428.37, thus the bond protects Respondents' interests to March of 1982 in that the April 1981 payment was rejected pursuant to attempted acceleration of the note. The total amount due under the promissory note is $44,743.82. We deem the bond to be sufficient. See *Carpenter v. Hausman*, 601 S.W.2d 88 (Tex. Civ.App.—San Antonio 1980, no writ), where in a comparable situation the appellate court upheld adequacy of a bond of $10,000.00 when the total amount possibly due was in excess of $137,000.00.

Under Tex.Rev.Civ.Stat.Ann. art. 1823 "Writs of mandamus, etc.", (1964) a bond is not required when the injunction is issued by a court of civil appeals to enforce or protect its jurisdiction or to preserve the subject matter of the litigation pending appeal. There has never been anything in the statute or case law that prohibited the requirement of such bond.

■ Tex.R.Civ.P. 383 "Original Proceedings Other Than Habeas Corpus," (under § 3, "Proceedings in the Courts of Civil Appeals") is applicable. Rule 383 has recently been completely rewritten, with the changes effective January 1, 1981. In pertinent part thereof, it now reads:

"4. *Temporary Relief.* If the facts stated in the petition show that relator will be prejudiced unless immediate temporary relief is granted, the court may grant temporary relief after granting the motion for leave to file, without notice to respondents,

as the exigencies of the case require. *The court may require a bond for the protection of the adverse parties as a condition to the temporary relief.* An order granting temporary relief shall be effective until the final decision of the case, unless vacated or modified." (Emphasis added.)

The instant case is the first in which this court required such a bond. By the above language we hold this court possesses authority to require it.

Even prior to amendment of Rule 383 some courts had held existence of an affirmative duty to protect the other parties in the litigation from a possible loss. *Riverdrive Mall Inc. v. Larwin Mortgage Investors*, 515 S.W.2d 2 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.); *Pendleton Green Associates v. Anchor Savings Bank*, 520 S.W.2d 579 (Tex.Civ.App.—Corpus Christi 1975, no writ); *General Telephone Company of the Southwest v. City of Garland*, 522 S.W.2d 732 (Tex.Civ.App.—Dallas 1975, no writ).

Injunction granted.