**In re Dr. Robert GRUEBEL.**

No. 12–04–00388–CV.

Court of Appeals of Texas, Tyler.

Jan. 12, 2005.

Clayton E. Dark, Jr., Law Office of Clayton E. Dark, Jr., Lufkin, Darrin Walker, Law Office of Darrin Walker, Kingwood, for relator.

Robert L. Flournoy, Flournoy & Deaton, LLP, Lufkin, for respondent.

Rob Atherton, Thomas L. Belanger, Belanger, Atherton & Lostracco P.C., Nacogdoches, for real party of interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Relator, Dr. Robert Gruebel, seeks a writ of injunction enjoining the City of Nacogdoches from issuing a demolition permit and enjoining Commercial Bank of Texas, N.A. from demolishing a building that is the subject matter of a pending appeal. For the reasons set forth below, we deny the writ.

### BACKGROUND

Dr. Gruebel has two appeals pending in this Court. The first is Cause Number 12–04–00176–CV, styled *Dr. Robert Gruebel v. The City of Nacogdoches and Commercial Bank of Texas, N.A.* (Gruebel I). Gruebel I is an appeal from a declaratory judgment signed in the 145th District Court of Nacogdoches County, Texas in Cause Number C19,868–2003. The second appeal is Cause No. 12–04–00331–CV, styled *Dr. Robert Gruebel v. Zoning Board of Adjustment of the City of Nacogdoches, Texas,* consisting of Paul Smith, U.L. Woodson, Jeff Opperman, Kelly Jones, and Richard Humphreys; City of Nacogdoches, Texas; and Aron Kulhavy, City Planner for the City of Nacogdoches, Texas (Gruebel II). Gruebel II is an appeal from a final judgment signed in the County Court at Law of Nacogdoches County, Texas in Cause Number 10651. That case was filed in the County Court at Law as an appeal by petition for writ of certiorari from a final decision of the Zoning Board of Adjustment of the City of Nacogdoches (the City).

The central issue in both appeals is the interpretation of Article XI of the City's zoning ordinance, which relates to historic preservation. Specifically, the issue is whether a certificate of appropriateness from the Nacogdoches Historic Landmark Preservation Committee is required prior to demolition of a building located within the Historic Overlay of the City. In the two cases, Commercial Bank sought permits to demolish a total of three historic buildings and obtained a permit to demolish two of the buildings. In each case, the trial court held that a certificate of appropriateness was not required prior to demolition. Commercial has demolished the building involved in Gruebel I and one of the two buildings involved in Gruebel II. Moreover, on November 2, 2004, the City amended the subject zoning ordinance to provide that a certificate of appropriateness is not required to demolish a designated historic landmark. The amendment was passed after both appeals were filed in this Court.

Dr. Gruebel filed this original proceeding seeking a writ of injunction to prevent the demolition of the last building pending the outcome of his appeals. He urges that the writ is necessary to protect this Court's jurisdiction over the subject matter of the pending appeals. Dr. Gruebel also filed a motion for emergency relief, which we denied.

### JURISDICTION

A court of appeals is authorized to issue all writs necessary to enforce its

jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004). If an appeal pending before this Court becomes moot, we lose jurisdiction over it. *See Valley Baptist Med. Ctr. v. Gonzalez,* 33 S.W.3d 821, 822 (Tex.2000). Consequently, we may issue a writ of injunction to preserve the subject matter of a case pending appeal and to prevent the appeal from becoming moot. *EMW Mfg. Co. v. Lemons,* 724 S.W.2d 425, 426 (Tex.App.-Fort Worth 1987, orig. proceeding); *Becker v. Becker,* 639 S.W.2d 23, 24 (Tex.App.-Houston [1st Dist.] 1982, orig. proceeding). However, we are without jurisdiction to issue a writ of injunction merely for the purpose of preserving the status quo or to prevent loss or damage to one of the parties during the appeal. *EMW,* 724 S.W.2d at 426; *Becker,* 639 S.W.2d at 24; *Pace v. McEwen,* 604 S.W.2d 231, 233 (Tex.Civ.App.-San Antonio 1980, no writ).

## MOOTNESS

■ A case becomes moot when it does not rest, or ceases to rest, on any existing right or fact. *Shelby Operating Co. v. City of Waskom,* 964 S.W.2d 75, 81 (Tex.App.-Texarkana 1997, writ denied). Several corollaries of this rule are that (1) a case is not moot if some issue is still in controversy; (2) a case becomes moot if it is impossible for the court to grant effectual relief for any reason; and (3) a case can become moot by reason of new legislation or acts that supersede existing legislation. *James v. City of Round Rock,* 630 S.W.2d 466, 468 (Tex.App.-Austin 1982, no writ) (citing *Swank v. Sharp,* 358 S.W.2d 950 (Tex.Civ.App.-Dallas 1962, no writ) and *Gordon v. Lake,* 163 Tex. 392, 356 S.W.2d 138 (1962)); *see also State v. Gibson*

*Prods. Co.,* 699 S.W.2d 640, 641 (Tex.App.-Waco 1985, no writ).

Dr. Gruebel contends that if the last building is demolished and he prevails on the merits in his appeals, our judgment would have no practical effect on a then-existing controversy.[1] In other words, he concludes that any relief we granted would be ineffectual. We agree. However, that is not the end of the matter. Zoning ordinances are considered legislative enactments. *James,* 630 S.W.2d at 468. Therefore, we must consider a second question: the effect of the November 2 amendment to Article XI.

Prior to its amendment, Article XI provided, in pertinent part, as follows:

> No person shall carry out any exterior reconstruction, alteration, restoration, rehabilitation, or relocation of any historic landmark or any new construction on property within a historic district. Nor shall any person make any material change in the light fixtures, signs, sidewalks, fences, steps, paving or other exterior elements visible from a public right-of-way which affect the appearance and cohesiveness of the historic landmark or any property within a historic district without first obtaining a certificate of appropriateness from the [Nacogdoches Historic Landmark Preservation] Committee.

The November 2 amendment added the following paragraph:

> A certificate of appropriateness is not required to remove, relocate, or demolish a designated historic landmark. Any person wishing to remove, relocate, or

---

1. Dr. Gruebel asserts that although the property that is the subject of Gruebel I has been demolished, Gruebel I and Gruebel II involve common issues of law. Therefore, his argument continues, Gruebel I will become moot only if the final property is demolished. Because we need not resolve that issue, we will assume, without deciding, that Dr. Gruebel is correct.

demolish a designated historic landmark or structure should refer to Division 6. Consequently, whether a certificate of appropriateness is required prior to the demolition of an historic landmark is no longer an open question.

 Article I, section 16 of the Texas Constitution states that "[n]o bill of attainder, ex post facto law, *retroactive law,* or any law impairing the obligation of contracts shall be made." TEX. CONST. art. I, § 16 (emphasis added). A law may be applied retroactively, however, and not be constitutionally prohibited. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 219 (Tex.2002).

It is well settled that "laws may not operate retroactively to deprive or impair vested substantive rights acquired under existing laws, or create new obligations, impose new duties, or adopt new disabilities in respect to transactions or considerations past." *Ex parte Abell,* 613 S.W.2d 255, 260 (Tex.1981) (orig. proceeding). On the other hand, no litigant has a vested right in a statute or rule that is remedial or procedural in nature and affects no vested substantive right. *Subaru,* 84 S.W.3d at 219; *Abell,* 613 S.W.2d at 260. Changes in such statutes or rules are considered remedial in nature and have been held not to violate the provisions of Article I, section 16 of the Texas Constitution. *Id.* This is because procedural and remedial statutes typically do not affect a vested right. *Subaru,* 84 S.W.3d at 219. If a statute is remedial or procedural in nature, it controls all affected proceedings from the date it becomes law. *County of Tarrant v. Coyel,* 124 S.W.3d 268, 271 (Tex.App.-Fort Worth 2003, writ denied).

The record before us reveals that Dr. Gruebel owns several properties in the Historic Overlay. In his petition for writ of certiorari, he alleged that he "is a resident, citizen, and taxpayer of the City of Nacogdoches who is aggrieved by a decision of the City Planner and the Zoning Board of Adjustment of the City of Nacogdoches, Texas." He further averred that he "desires to prevent the demolition of [the] two historic buildings" described in the petition. However, we see nothing in the record from which we can conclude that the application of the amended ordinance to Dr. Gruebel would impair a vested substantive right. As such, we also cannot conclude that Dr. Gruebel's appeals did not become moot upon the passage of the amendment. Therefore, we hold that Dr. Gruebel has not shown himself entitled to the relief he requested. Accordingly, the petition for writ of injunction is *denied.*