**In re Edwin G. SHIELDS and Ruby P. Shields, Relators.**

No. 05–05–01239–CV.

Court of Appeals of Texas, Dallas.

Oct. 31, 2005.

Jack B. Peacock, Jr., Gagnon & Peacock, P.C., Dallas, for appellant.

Allison Raquel Comment, Hughes, Watters & Askanase, LLP, Houston, for appellee.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

In this original proceeding, relators Edwin G. Shields and Ruby P. Shields seek an injunction to enjoin their homestead mortgage lender, Ameriquest Mortgage Company, and WM Specialty Mortgage, LLC, (Ameriquest) from foreclosing on relators' homestead pursuant to a deed of trust sale, pending resolution of an interlocutory appeal from the trial court's order dissolving the temporary injunction. We grant injunction relief to preserve our jurisdiction and preserve the subject matter of the appeal.

I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2005, the trial court granted a temporary injunction enjoining Ameriquest from foreclosing upon or dispossessing relators of their interest in their homestead property. The injunction, however, was conditioned on relators filing a surety bond or cash in lieu of bond in the amount of $65,000. Relators filed a surety bond, naming themselves as principals and Texas Our Home, Inc. and Louis Scott as sureties. Relators own the stock issued by and control Texas Our Home, Inc.

Ameriquest filed a motion to determine sufficiency of sureties and a motion to dissolve the temporary injunction. The trial court held a hearing and signed an order which made "findings" that Louis Scott and Texas Our Home, Inc. were insufficient sureties and that the injunction was improperly issued. The trial court's order denied relators' motion to substitute surety and dissolved the temporary injunction. Relators timely perfected an interlocutory appeal, which is now pending before this Court. See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.2004–05).

We now have before us relators' petition for writ of injunction and motion for emergency stay in which they assert that the property is scheduled to be foreclosed upon on Tuesday, November 1, 2005. They urge us to issue a writ of injunction to preserve the subject matter of the appeal.

Ameriquest has filed a response in which it asserts the writ of injunction is not necessary to preserve this Court's jurisdiction. Rather, it contends relators

were required to employ the procedures set forth in Texas Rules of Appellate Procedure 24.1 or 29.1, et seq., to supercede the effect of the trial court's order pending appeal. According to Ameriquest, relators are seeking injunctive relief to preserve the status quo or to prevent loss or damage during the appeal. Accordingly, Ameriquest contends, this Court is without jurisdiction to issue the injunctive relief sought. For the reasons set forth below, we disagree with Ameriquest's arguments, and we grant the writ of injunction.

## II. LEGAL AUTHORITIES

■ The Texas Constitution provides that the courts of appeals have such appellate and original jurisdiction as prescribed by law. TEX. CONST. V, § 6. Under the Government Code, a court of appeals "may issue a writ of mandamus and all other writs necessary to enforce jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004). A court of appeals may issue such a writ to prevent an appeal from becoming moot. *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 657 (Tex.1992) (orig.proceeding); *Madison v. Martinez,* 42 S.W.2d 84, 86 (Tex.Civ.App.-Dallas 1931, writ ref'd).

## III. ANALYSIS OF INJUNCTIVE RELIEF

■ In the relators' notice of interlocutory appeal, they assert they are challenging the trial court's order dissolving the injunction that enjoined Ameriquest from foreclosing on relators' home and the ruling on the motion to substitute surety.[1] If this Court should conclude on the merits of the interlocutory appeal that the trial court abused its discretion, and the relators' home had been foreclosed upon prior to our decision on the merits, the effective operation of any judgment this Court would render would be prevented. In that case, the judgment of this Court would be a nullity. Therefore, we conclude an injunction should be granted to preserve our jurisdiction over the subject of the pending interlocutory appeal while we decide its merits. *See Madison,* 42 S.W.2d at 86 (explaining correctness of issuing temporary restraining order to prevent appellants' ouster from homestead before court could decide appeal); *Reyes v. Atkins,* 619 S.W.2d 26, 27–28 (Tex.Civ.App.-Fort Worth 1981, orig. proceeding) (declining to reconsider issuance of temporary injunction preventing sale of property until appeal decided); *Valley v. Patterson,* 614 S.W.2d 867, 869 (Tex.Civ.App.-Corpus Christi 1981, no writ) (holding that appellate court had jurisdiction to grant injunction to stay proposed trustee's sale to preserve subject matter of appeal and protect court's jurisdiction); *Sonny Arnold, Inc. v. Sentry Sav. Ass'n,* 602 S.W.2d 90, 93 (Tex. Civ.App.-Amarillo 1980, orig. proceeding) (issuing temporary injunction to enjoin respondents from selling property until appeal resolved).

Accordingly, we grant the petition for injunctive relief and will issue an injunction enjoining Ameriquest from foreclosing upon or otherwise dispossessing relators of the property at 1115 Frost Hollow, DeSoto, Dallas County, Texas 75115 pending a final decision in the appeal or further orders of this Court. Issuance of the injunction, however, is conditioned upon relators making a cash deposit.

## IV. BOND FOR INJUNCTIVE RELIEF

■ Section 22.221(a) of the government code is the statutory authority under which we derive our jurisdiction in this proceeding. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004). The statute

---

1. Briefs in the interlocutory appeal have not been filed.

does not specifically require a bond, nor does it specifically preclude this Court from setting a bond. *See Sonny Arnold,* 602 S.W.2d at 93. However, Texas Rule of Appellate Procedure 52.10(b) authorizes this Court to require, as a condition of granting temporary relief, a bond to protect parties who will be affected by the relief. *See* Tex.R.App. P. 52.10(b).

Relators' petition states their payments have not been accepted by Ameriquest since January 2005. Further, although relators contend the actual balance due to Ameriquest is in dispute, they do not state in the record we have before us the balance due to Ameriquest. According to relators' original petition in the trial court and the petition filed in this Court, Ameriquest advised relators' the payoff amount was $525,457.40 in December 2004. Ameriquest's pleadings in the trial court reflect relators are obligated to make monthly payments to Ameriquest in the amount of $3,696.59. Moreover, in its response to relator's motion for emergency stay, Ameriquest asserts that relators have failed to make every payment on their mortgage loan since May 2003, and the balance owed was $559,991.54 as of June 3, 2005.

We make no conclusions on the merits as to the contentions of the parties reflected in the record. However, we note that the injunction bond set by the trial court was in the amount of $65,000. Relators do not assail that number, nor do they address the setting of bond by us regarding the potential issuance of a writ of injunction, even though they cite us to cases which have required a bond. *See Reyes,* 619 S.W.2d at 28; *Sonny Arnold, Inc.,* 602 S.W.2d at 93. Although Ameriquest contends we have no jurisdiction to grant the injunctive relief requested by relators and that relators have "provided no grounds for the [C]ourt to set the amount of bond or other security," we

conclude this Court may set a bond or other security in conjunction with the granting of injunctive relief. *See Reyes,* 619 S.W.2d at 28; *Sonny Arnold, Inc.,* 602 S.W.2d at 93.

On this record, on this petition, we conclude Ameriquest will be affected by the granting of this writ and that a cash deposit will serve as security. Accordingly, based on this record and considering the possible effect of granting the writ, we require relators to file a cash deposit in the amount of $65,000 with the County Clerk of Dallas County as a condition to the effectiveness of the injunction. Such cash deposit is to be held by the County Clerk of Dallas County conditioned that relators will prosecute their appeal with effect and pay all costs and damages which may be adjudged against them arising from the procurement of the writ of injunction.

## V. CONCLUSION

Relators' petition for writ of injunction is granted and conditioned upon the filing of the bond described above. This opinion is not a decision on any part of, nor a comment on, the merits of the pending interlocutory appeal.