COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-033-CV

IN RE PERRY TEAGUE RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Relator Perry Teague filed a petition for writ of injunction and emergency relief with this court on January 30, 2006.  In his petition, he asked this court to enjoin respondent, the City of Jacksboro, Texas, from effectuating an order allowing the City to demolish the structure located on Teague’s property in Jacksboro, Texas, during the pendency of Teague’s appeal of the trial court’s judgment dismissing his suit challenging the City’s order.  We requested a response from the City and granted Teague temporary emergency relief,
(footnote: 2) 
restraining the City from doing any of the following:

• Enforcing or in any manner effectuating the provisions of Order No. D-04-05, issued by the City Council on December 13, 2005, that allow the City to demolish the structure, clean and grade the lot, and establish a lien on the property, and

• Taking any action to demolish, destroy, or otherwise eliminate the home, structures, utilities, attachments, or any other improvements currently located on the property at 704 N. Main Street, Jacksboro, Texas 76548.

After reviewing Teague’s petition, the City’s response, and Teague’s reply, we grant the petition for injunctive relief to preserve this court’s jurisdiction over the subject matter of the appeal.

Background Facts

Teague owns real property in Jacksboro, Texas.  On December 13, 2005, the Jacksboro City Council approved an order requiring Teague to demolish the structure located on the property if Teague did not abate “all unhealthy and unsafe conditions” within thirty days.
(footnote: 3)  Instead of complying with the City’s order, Teague sued the City on January 12, 2006, seeking to overturn the order on the ground that the City violated his due process rights.
(footnote: 4)  The trial court issued a temporary restraining order (TRO) and scheduled a hearing for January 18, 2006.

The day of the hearing, the City filed a plea to the jurisdiction, alleging that Teague failed to comply with the statutory procedure for challenging the order by filing a sworn petition, requesting that the trial court issue a writ of certiorari, within thirty days after the City issued the order.  
See
 
Tex. Loc. Gov’t Code Ann.
 § 214.0012 (Vernon Supp. 2005).  On January 26, 2006, the trial court granted the plea to the jurisdiction, dissolved the TRO, and dismissed the case.  Teague filed a notice of appeal from the trial court’s order that same day.
(footnote: 5) 
 Also on January 26, the City had the electrical service to the property terminated and removed hardware from the structure on the property.  On January 27, 2006, the City removed the fence surrounding the property.  The City told Teague’s counsel that demolition of the structure was scheduled to begin sometime during the week of January 30, 2006, the day that Teague filed this petition for writ of injunction.  

Applicable Law and Analysis

Although the primary question to be answered in Teague’s appeal is whether the trial court was correct in granting the City’s plea to the jurisdiction, the issue this court must decide in determining whether to grant a writ of injunction is whether the City’s demolition of the structure on the property would interfere with this court’s jurisdiction over the subject matter of the appeal by rendering this court’s resolution of the appeal moot.  
See In re Gruebel
, 153 S.W.3d 686, 689-90 (Tex. App.—Tyler 2005, orig. proceeding); 
see also Reyes v. Atkins
, 619 S.W.2d 26, 27-28 (Tex. Civ. App.—Fort Worth 1981, orig. proceeding) (declining to consider merits of underlying appeal when determining whether writ of injunction should issue)
.  A court of appeals may issue all writs necessary to protect its own jurisdiction.  
Tex. Gov’t Code Ann.
 § 22.221(a) (Vernon 2004); 
Gruebel
, 153 S.W.3d at 688-89.  In 
EMW Manufacturing Co. v. Lemons
, this court held,

It is well settled that an appellate court is authorized to protect its jurisdiction by preserving the subject matter of the appeal in order to make its decrees effective.  
See, e.g.
, 
Reyes v. Atkins
, 619 S.W.2d 26, 27 (Tex. Civ. App.—Fort Worth 1981, no writ); 
Dawson v. First National Bank of Troup
, 417 S.W.2d 652, 653 (Tex. Civ. App.—Tyler 1967, no writ); 
Madison v. Martinez
, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref’d).  
See also
 
Tex. Gov't Code Ann.
 [§] 22.221(a) (Vernon Pamph. 1987).  On the other hand, this court does not have the power to issue a writ of injunction merely to preserve the status quo pending appeal.  
Becker v. Becker
, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, no writ); 
Ralph Williams Gulfgate Chrysler P., Inc. v. State
, 449 S.W.2d 139, 141 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ).  Nor does this court have the power to grant a temporary injunction to prevent damage to an appellant.  
Pace v. McEwen
, 604 S.W.2d 231, 233 (Tex. Civ. App.—San Antonio 1980, no writ). 

724 S.W.2d 425, 426 (Tex. App.—Fort Worth 1987, orig. proceeding).

Here, demolition of the structure on the property before resolution of the appeal would render the appeal moot.  
See Toudouze v. Urban Renewal Agency of San Antonio
, 404 S.W.2d 821, 821 (Tex. App.—San Antonio 1966, writ ref’d n.r.e.); 
see also Gruebel
, 153 S.W.3d at 689-90 (agreeing with relator that if building were demolished pending appeal and relator prevailed on merits of appeal, that judgment would be moot, but denying injunctive relief because amendment to city code during proceedings answered question on appeal; thus, demolition would have no effect on outcome of appeal because appeal was already moot); 
Reyes
, 619 S.W.2d at 27-28 
(enjoining sale of property during appeal).  If the appeal becomes moot, this court loses subject matter jurisdiction over it.  
Gruebel
, 153 S.W.3d at 689.  Thus, injunctive relief is proper here to prevent this court from losing subject matter jurisdiction over Teague’s appeal.   The City contends that a writ of injunction would be improper because Teague should have first sought to supersede the trial court’s judgment under the rules of appellate procedure.  
See
 
Tex. R. App. P.
 24.1, 24.2(a)(5), 25.1(g).  But here, superseding the trial court’s judgment would have no effect because the judgment simply declines to prohibit the City from acting on its order.  
See Renger v. Jeffrey
, 182 S.W.2d 701, 702 (Tex. 1944) (“The supersedeas bond is merely to preserve the status quo of the matters in litigation prior to the issuance of the order or judgment from which an appeal is prosecuted.”).  
Superseding the trial court’s judgment would not revive the TRO,
(footnote: 6) and the City’s ability to carry out its order was not stayed by the filing of Teague’s petition.  
See
 
Tex. Loc. Gov’t Code Ann.
 § 214.0012(e).  In addition, the trial court’s order refused to grant the temporary injunctive relief that Teague had requested, finding that it did not have jurisdiction to do so. 
 Superseding the judgment in this case would not have the effect of granting injunctive relief; instead, it would simply put the parties in the position they were in before the trial court’s judgment.  
Renger
, 182 S.W.2d at 702.  Thus, we do not believe that Teague was required to first attempt to supersede the judgment under rule 24.  
See
 
Tex. R. App. P.
 24.1, 24.2(a)(5), 25.1(g).

Conclusion

Having determined that demolition of the structure on Teague’s property would interfere with this court’s subject matter jurisdiction in cause number 02-06-00032-CV by rendering the appeal moot, we grant the relief requested in Teague’s petition for writ of injunction, conditioned upon Teague posting a bond in the amount of $1,000.  
See Reyes
, 619 S.W.2d at 28 (requiring relator to post bond of $5,000 during pendency of appeal);
 Sonny Arnold, Inc. v. Sentry Sav. Ass’n
, 602 S.W.2d 90, 93 (Tex. App.—Amarillo 1980, orig. proceeding) (enjoining sale of stock pending appeal but “to protect against any inequity,” requiring bond).  
Until this court has determined the appeal, or until otherwise ordered by this court, the City is restrained from

• enforcing or in any manner effectuating the provisions of Order No. D-04-05, issued by the City Council on December 13, 2005, that allow the City to demolish the structure, clean and grade the lot, and establish a lien on the property,

and both the City and Teague are restrained from

• taking any action to demolish, destroy, or otherwise eliminate the home, structures, utilities, attachments, or any other improvements currently located on the property at 704 N. Main Street, Jacksboro, Texas 76548.

Nothing in this opinion may be construed as excusing Teague from compliance with all other laws
, rules, regulations, or orders that may be applicable to the property, including, without limitation, any applicable laws, rules, or regulations regarding the encapsulation and containment of asbestos or any other hazardous material or condition on the property.

A writ of injunction will issue only if the City or Teague, or both, fail to comply with the order of the court set forth in this opinion.  

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  February 8, 2006 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 52.8(b)(1), 52.10(b).

3:
The City contends that Teague had already begun demolishing part of the structures but did not complete the demolition when he was informed that he needed to abate asbestos in the structures.  Teague contends that he considered demolishing part of the property in an attempt to compromise with the City but that he has not actually done so.

4:
More specifically, Teague contends, among other things, that the City searched his property pursuant to an illegal warrant, that it did not give him adequate notice of the city council meeting at which the order was approved, that the City’s order was based on unsworn testimony, and that he was not given an opportunity to cross-examine witnesses and respond to the City’s allegations about the property at the city council meeting.  [petition at ]

5:
The cause number of the appeal is 02-06-00032-CV.

6:
A temporary restraining order may not remain in effect longer than fourteen days. 
 See
 
Tex. R. Civ. P.
 680; 
In re Newton
, 146 S.W.3d 648, 650 & n.6 (Tex. 2004).