COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-033-CV

 

 

IN RE PERRY TEAGUE                                                             RELATOR

 

                                                                                                        

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction








Relator Perry Teague filed a
petition for writ of injunction and emergency relief with this court on January
30, 2006.  In his petition, he asked this
court to enjoin respondent, the City of Jacksboro, Texas, from effectuating an
order allowing the City to demolish the structure located on Teague=s property in Jacksboro, Texas, during the pendency of Teague=s appeal of the trial court=s judgment dismissing his suit challenging the City=s order.  We requested a
response from the City and granted Teague temporary emergency relief,[2]
restraining the City from doing any of the following:

$      Enforcing or in any manner effectuating the provisions of Order
No. D-04-05, issued by the City Council on December 13, 2005, that allow the
City to demolish the structure, clean and grade the lot, and establish a lien
on the property, and

 

$      Taking any action to demolish, destroy, or otherwise eliminate
the home, structures, utilities, attachments, or any other improvements
currently located on the property at 704 N. Main Street, Jacksboro, Texas
76548.

 

After reviewing Teague=s petition, the City=s response, and Teague=s reply, we grant the petition for injunctive relief to preserve this
court=s jurisdiction over the subject matter of the appeal.

Background Facts








Teague owns real property in
Jacksboro, Texas.  On December 13, 2005,
the Jacksboro City Council approved an order requiring Teague to demolish the
structure located on the property if Teague did not abate Aall unhealthy and unsafe conditions@ within thirty days.[3]  Instead of complying with the City=s order, Teague sued the City on January 12, 2006, seeking to overturn
the order on the ground that the City violated his due process rights.[4]  The trial court issued a temporary
restraining order (TRO) and scheduled a hearing for January 18, 2006.








The day of the hearing, the
City filed a plea to the jurisdiction, alleging that Teague failed to comply
with the statutory procedure for challenging the order by filing a sworn
petition, requesting that the trial court issue a writ of certiorari, within
thirty days after the City issued the order. 
See Tex. Loc. Gov=t Code Ann. ' 214.0012 (Vernon Supp. 2005). 
On January 26, 2006, the trial court granted the plea to the
jurisdiction, dissolved the TRO, and dismissed the case.  Teague filed a notice of appeal from the
trial court=s order that
same day.[5]  Also on January 26, the City had the electrical
service to the property terminated and removed hardware from the structure on
the property.  On January 27, 2006, the
City removed the fence surrounding the property.  The City told Teague=s counsel that demolition of the structure was scheduled to begin
sometime during the week of January 30, 2006, the day that Teague filed this
petition for writ of injunction.  

Applicable Law and Analysis

Although the
primary question to be answered in Teague=s appeal is whether the trial court was correct in granting the City=s plea to the jurisdiction, the issue this court must decide in
determining whether to grant a writ of injunction is whether the City=s demolition of the structure on the property would interfere with
this court=s
jurisdiction over the subject matter of the appeal by rendering this court=s resolution of the appeal moot. 
See In re Gruebel, 153 S.W.3d 686, 689-90 (Tex. App.CTyler 2005, orig. proceeding); see also Reyes v. Atkins, 619
S.W.2d 26, 27-28 (Tex. Civ. App.CFort Worth 1981, orig. proceeding) (declining to consider merits of
underlying appeal when determining whether writ of injunction should
issue).  A court of appeals may issue all
writs necessary to protect its own jurisdiction.  Tex.
Gov=t Code Ann. ' 22.221(a) (Vernon 2004); Gruebel, 153 S.W.3d at 688-89.  In EMW Manufacturing Co. v. Lemons,
this court held,








It is well settled that an appellate court is
authorized to protect its jurisdiction by preserving the subject matter of the
appeal in order to make its decrees effective. 
See, e.g., Reyes v. Atkins, 619 S.W.2d 26, 27 (Tex. Civ.
App.CFort
Worth 1981, no writ); Dawson v. First National Bank of Troup, 417 S.W.2d
652, 653 (Tex. Civ. App.CTyler
1967, no writ); Madison v. Martinez, 42 S.W.2d 84, 86 (Tex. Civ. App.CDallas
1931, writ ref=d).  See also Tex. Gov't Code Ann. ['] 22.221(a) (Vernon Pamph.
1987).  On the other hand, this court
does not have the power to issue a writ of injunction merely to preserve the
status quo pending appeal.  Becker v.
Becker, 639 S.W.2d 23, 24 (Tex. App.CHouston [1st Dist.] 1982, no
writ); Ralph Williams Gulfgate Chrysler P., Inc. v. State, 449 S.W.2d
139, 141 (Tex. Civ. App.CHouston
[1st Dist.] 1969, no writ).  Nor does
this court have the power to grant a temporary injunction to prevent damage to
an appellant.  Pace v. McEwen, 604
S.W.2d 231, 233 (Tex. Civ. App.CSan Antonio 1980, no writ). 

 

724 S.W.2d 425, 426 (Tex. App.CFort Worth 1987, orig. proceeding).








Here, demolition of the structure on the property before resolution of
the appeal would render the appeal moot. 
See Toudouze v. Urban Renewal Agency of San Antonio, 404 S.W.2d
821, 821 (Tex. App.CSan Antonio
1966, writ ref=d n.r.e.); see
also Gruebel, 153 S.W.3d at 689-90 (agreeing with relator that if building
were demolished pending appeal and relator prevailed on merits of appeal, that
judgment would be moot, but denying injunctive relief because amendment to city
code during proceedings answered question on appeal; thus, demolition would
have no effect on outcome of appeal because appeal was already moot); Reyes,
619 S.W.2d at 27-28 (enjoining sale of property during appeal).  If the appeal becomes moot, this court loses
subject matter jurisdiction over it.  Gruebel,
153 S.W.3d at 689.  Thus, injunctive
relief is proper here to prevent this court from losing subject matter
jurisdiction over Teague=s
appeal.          The
City contends that a writ of injunction would be improper because Teague should
have first sought to supersede the trial court=s judgment under the rules of appellate procedure.  See Tex.
R. App. P. 24.1, 24.2(a)(5), 25.1(g). 
But here, superseding the trial court=s judgment would have no effect because the judgment simply declines
to prohibit the City from acting on its order. 
See Renger v. Jeffrey, 182 S.W.2d 701, 702 (Tex. 1944) (AThe supersedeas bond is merely to preserve the status quo of the
matters in litigation prior to the issuance of the order or judgment from which
an appeal is prosecuted.@).  Superseding the trial court=s judgment would not revive the TRO,[6]
and the City=s ability to
carry out its order was not stayed by the filing of Teague=s petition.  See Tex. Loc. Gov=t Code Ann. ' 214.0012(e).  In addition, the
trial court=s order
refused to grant the temporary injunctive relief that Teague had requested,
finding that it did not have jurisdiction to do so.  Superseding the judgment in this case would
not have the effect of granting injunctive relief; instead, it would simply put
the parties in the position they were in before the trial court=s judgment.  Renger, 182
S.W.2d at 702.  Thus, we do not believe
that Teague was required to first attempt to supersede the judgment under rule
24.  See Tex. R. App. P. 24.1, 24.2(a)(5), 25.1(g).








Conclusion

Having determined that
demolition of the structure on Teague=s property would interfere with this court=s subject matter jurisdiction in cause number 02-06-00032-CV by
rendering the appeal moot, we grant the relief requested in Teague=s petition for writ of injunction, conditioned upon Teague posting a
bond in the amount of $1,000.  See
Reyes, 619 S.W.2d at 28 (requiring relator to post bond of $5,000 during
pendency of appeal); Sonny Arnold, Inc. v. Sentry Sav. Ass=n, 602 S.W.2d 90, 93 (Tex. App.CAmarillo 1980, orig. proceeding) (enjoining sale of stock pending
appeal but Ato protect
against any inequity,@ requiring
bond).  Until this court has determined
the appeal, or until otherwise ordered by this court, the City is restrained
from

$      enforcing or in any manner effectuating
the provisions of Order No. D-04-05, issued by the City Council on December 13,
2005, that allow the City to demolish the structure, clean and grade the lot,
and establish a lien on the property,

 

and
both the City and Teague are restrained from

 

$      taking any action to demolish, destroy, or
otherwise eliminate the home, structures, utilities, attachments, or any other
improvements currently located on the property at 704 N. Main Street,
Jacksboro, Texas 76548.

 








Nothing in this opinion may be construed as
excusing Teague from compliance with all other laws, rules, regulations, or
orders that may be applicable to the property, including, without limitation,
any applicable laws, rules, or regulations regarding the encapsulation and
containment of asbestos or any other hazardous material or condition on the
property.

A writ of injunction will
issue only if the City or Teague, or both, fail to comply with the order of the
court set forth in this opinion.  

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED:  February 8, 2006      











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
R. App. P. 52.8(b)(1), 52.10(b).





[3]The City contends that Teague had
already begun demolishing part of the structures but did not complete the
demolition when he was informed that he needed to abate asbestos in the
structures.  Teague contends that he
considered demolishing part of the property in an attempt to compromise with
the City but that he has not actually done so.





[4]More specifically, Teague contends,
among other things, that the City searched his property pursuant to an illegal
warrant, that it did not give him adequate notice of the city council meeting
at which the order was approved, that the City=s order was based on unsworn
testimony, and that he was not given an opportunity to cross-examine witnesses
and respond to the City=s allegations about the property at
the city council meeting.  [petition at ]





[5]The cause number of the appeal is
02-06-00032-CV.





[6]A temporary restraining order may
not remain in effect longer than fourteen days.  See Tex.
R. Civ. P. 680; In re Newton, 146 S.W.3d 648, 650 & n.6 (Tex.
2004).