DENY and Opinion Filed October 10, 2019



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00774-CV

## IN RE RETURN LEE TO LEE PARK, WARREN JOHNSON, AND KATHERINE GANN, Relators

**Original Proceeding from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC18-05460**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

The question before us in this original proceeding is whether a writ of injunction is necessary to preserve our jurisdiction pending resolution of Relators' underlying appeal concerning the removal or demolition of a Confederate monument and the sale of a historic statue.

We conclude that the question is moot as to the statue because the sale has been consummated but an injunction is necessary to protect our jurisdiction over the remainder of the appeal. We therefore grant Relators' writ of injunction concerning the removal, alteration, or demolition of the monument.

## I. BACKGROUND

Relators Return to Lee Park, Warren Johnson, and Katherine Gann (Relators) filed suit against the Mayor of the City of Dallas and Dallas City Council members (the City) and sought a temporary restraining order preventing the sale of the Robert E. Lee Confederate Soldier Sculpture

(the Statue) and the removal of the Confederate Monument in Pioneer Cemetery (the Monument). The trial court dismissed Relators' claims in a final judgment that Relators timely appealed in cause number 05-19-00456-CV (the Appeal). The Appeal is still pending.

Relators then filed this petition for writ of injunction and motion for emergency relief to enjoin the City from (i) demolishing, altering, or removing the Monument and (ii) completing the sale of the statue. By the time the petition was filed, however, the statue had been sold at a private auction.

## II. ANALYSIS

### A. Is an injunction necessary to preserve our jurisdiction?

The Texas Constitution provides that the courts of appeals have such appellate and original jurisdiction as prescribed by law. TEX. CONST. art. V, § 6. Under the Government Code, a court of appeals "may issue a writ of mandamus and all other writs necessary to enforce jurisdiction of the court." TEX. GOV'T CODE § 22.221(a). Thus, a court of appeals may issue such a writ to prevent an appeal from becoming moot. *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 657 (Tex. 1992) (orig. proceeding); *In re Shields*, 190 S.W.3d 717, 719 (Tex. App.—Dallas 2005, orig. proceeding). Indeed, "[t]he power of the courts of appeals to protect their jurisdiction is essential for the orderly administration of justice." *Dallas Morning News*, 842 S.W.2d at 658.

Here, the underlying appeal is from the final judgment granting the City's plea to the jurisdiction and alternative motion for summary judgment and dismissing Relators' claims. In that case, Relators maintained that Pioneer Park, where the Monument is located, is a historic site and the City planned to demolish the Monument without first obtaining approval from the Texas Historical Commission (THC). Relators further averred that the City planned to remove the Statue, its plinth, and seating area from Lee Park and sell the Statue without THC approval. Accordingly,

Relators requested: (i) a declaration that the Statue and Pioneer Cemetery are state archeological landmarks; (ii) an order voiding the contract and resolution for removal and movement of the Statue, and (iii) an injunction enjoining the City from demolishing, damaging, or removing the Monument, from selling the statue, from demolishing, damaging, or removing the plinth and seating area for the Statue, and ordering restoration of the Statue and its return to the plinth in Lee Park.

The City argues that the requested relief regarding the Statue is moot because the sale is complete and the Statue has already been transferred. We agree.

The City also argues that emergency relief is not necessary because the Monument has been disassembled, moved, and reassembled before and the City will simply remove it and store it while the appeal is pending. We are not persuaded by this argument.

The Monument was created in 1896 and has already been relocated once. There is no guarantee that the removal process will be seamless and without damage to the Monument, or that if it is ultimately returned to Pioneer Cemetery that it will be in the same condition as it is today.

Although the requested relief regarding the Statue is moot, if this Court should conclude on the merits of the underlying appeal that the trial court erred and the Monument has already been moved, demolished, damaged, or sold this Court's judgment would be a nullity. Therefore, we conclude that an injunction should be granted to preserve our jurisdiction over the underlying appeal while we decide the merits. *See In re Williams*, No. 02-13-00087-CV, 2013 WL 1437253, at *3 (Tex. App.—Fort Worth Apr. 8, 2013, orig. proceeding) (mem. op.).

**B.      Should Relators be required to post a bond?**

The City argues that Relators should be required to post a bond because of (i) potential increased costs while the contractor waits for word on whether it may proceed, (ii) the costs of another round of bidding, (iii) the potential for increased removal costs if the removal contract

becomes void due to delay, and (iv) costs associated with cleaning up graffiti on the Monument. Relators contest the City's request.

Based on the record before us, we conclude that the City will be affected by the granting of the writ and that a $50,000 bond will serve as adequate security. Therefore, based on this record and the possible effect of granting the writ, we require Relators, within thirty days, to post a $50,000 bond with the District Clerk of Dallas County conditioned that Realtors will prosecute their appeal and pay all costs that may be adjudged against them arising from the procurement of the writ of injunction.

### III.  CONCLUSION

We grant Relators' petition for injunctive relief as to the Monument and deny the petition as moot as to the Statue.  Our June 28, 2019 stay order shall remain in effect for thirty days, or until Relators post bond, whichever occurs first.[1]  Contingent upon Relators' posting the $50,000 bond, we issue a writ of injunction enjoining the City from altering, removing, or destroying the Monument pending final disposition of the appeal in cause number 05-19-00456-CV or further order of this Court.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


190774F.P05

---

[1] We also deny as moot the City's motion to reconsider and dissolve the stay order.