

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00264-CV

IN RE TIMOTHY CASTLEMAN
AND CASTLEMAN CONSULTING, LLC, RELATORS

ORIGINAL PROCEEDING FOR WRIT OF INJUNCTION

October 5, 2020

ORDER OF INJUNCTION

Before QUINN, C.J., PARKER, and DOSS, JJ.

Pending before the Court is the interlocutory appeal of Timothy Castleman and Castleman Consulting, LLC, assigned cause number 07-20-00263-CV and styled *Timothy Castleman and Castleman Consulting, LLC v. Internet Money Limited, d/b/a The Offline Assistant and Kevin O'Connor, Individually*. As illustrated by their amended notice in that cause, they appeal the denial of an application for temporary injunction filed in trial court Cause No. 2020-540,788, styled *Timothy Castleman and Castleman Consulting, LLC, v. Internet Money Limited, d/b/a The Offline Assistant and Kevin O'Connor, Individually*, Lubbock County. Also pending is this related original proceeding assigned cause number 07-20-00264-CV. Through it, Castleman and Castleman Consulting

petition for a writ of injunction and prohibition to stop the enforcement of default judgments entered in favor of Internet Money, Ltd. and Kevin O'Connor in trial court Cause Nos. 2016-519740 and 2016-519740-A, Lubbock County. The injunction is sought to bar such action pending disposition of the interlocutory appeal from the denial of the temporary injunction. We grant the petition.

According to the limited record provided us, the proceeding wherein the temporary injunction was denied is a bill of review. Castleman initiated it to nullify the default judgments entered in Cause Nos. 2016-519740 and 2016-519740-A, which judgments purportedly arose from a hearing about which he had no notice. Execution upon and enforcement of those judgments has begun. It allegedly resulted in the levy and impending sale of various parcels of realty within Lubbock County by the Lubbock County Sheriff. Furthermore, bank accounts owned by Castleman at City Bank in Lubbock are the subject of writs of garnishment. The application for temporary injunction underlying Castleman's interlocutory appeal was Castleman's effort to halt execution upon or enforcement of the default judgments. Because it was denied, enforcement of those judgments will proceed, according to Castleman. And, if allowed to proceed, the substance of his interlocutory appeal will be rendered moot, in his estimation.

Courts of appeal may issue all writs necessary to enforce their jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2020). Included within this authority is the power to issue temporary injunctive relief. *Sonny Arnold, Inc. v. Sentry Sav. Ass'n.*, 602 S.W.2d 90, 91 (Tex. Civ. App.—Amarillo 1980, orig. proceeding); *see In re Shields*, 190 S.W.3d 717, 719 (Tex. App.—Dallas 2005, orig. proceeding) (enjoining foreclosure pending resolution of an interlocutory appeal from trial court's order dissolving temporary

2

injunction). Castleman believes the issuance of a temporary injunction by this Court is necessary to protect our jurisdiction over his appeal in Cause No. 07-20-00263-CV. We agree. Allowing the enforcement of the default judgments to proceed could likely render moot the question underlying the interlocutory appeal, which question concerns the propriety of the trial court's decision to enjoin execution upon the judgments pending disposition of the bill of review.

Accordingly, we grant the petition for injunctive relief. We further enjoin Internet Money, Ltd., and Kevin O'Connor, their officers, agents, servants, employees, and attorneys and persons in active concert or participation with them, who receive actual notice of this order, from taking any further action, steps or effort to enforce or otherwise execute upon the default judgments issued in the aforementioned Cause Nos. 2016-519740 and 2016-519740-A and underlying the aforementioned bill of review assigned Cause No. 2020-540,788. This injunction includes further effort to enforce and pursue writs of execution, writs of garnishment, sheriff's sales, levies, and turnover orders touching upon or involving real and personal property owned by Timothy Castleman or Castleman Consulting, LLC., including, but not limited to 1) Briercroft E 51.15' of Lot 190 and W 8.85' of Lot 191, Lubbock County, Texas, 1606 58th Street, Lubbock, TX 79412 (Parcel One); 2) Caprock Lot 777, Records of Lubbock County, Texas, 2513 62nd Street, Lubbock, TX 79413 (Parcel Two); and, 3) bank accounts at City Bank of Lubbock (Bank Accounts). Internet Money, O'Connor and their officers, agents, servants, employees, and attorneys and persons in active concert or participation with them, who receive actual notice of this order, are so enjoined pending final disposition by this Court of the aforementioned interlocutory appeal assigned Cause No. 07-20-00263-CV or until further

3

order of the Court, whichever is earlier. We also order Timothy Castleman, Castleman Consulting, LLC, and their officers, agents, servants, employees, and attorneys and persons in active concert or participation with them, who receive actual notice of this order, to forgo all effort, attempt and action to 1) in any way nullify or avoid any and all liens attaching or attached to Parcel One and Parcel Two due to prior levy upon same, and 2) in any way nullify or avoid any and all existing writs of garnishment attaching to the Bank Accounts, until further order of this Court. This order does not in any way nullify or otherwise avoid any liens, writs of garnishments, or writs of attachment heretofore perfected or existing upon Parcel One and Two and Bank Accounts. We further order Timothy Castleman and Castleman Consulting, LLC, their officers, agents, servants, employees, and attorneys and persons in active concert or participation with them, who receive actual notice of this order, from transferring, encumbering, disposing of, or assigning, in any way, Parcel One, Parcel Two, and Bank Accounts, until further order of this Court. This injunction is not conditioned upon the provision of any bond or security by Timothy Castleman or Castleman Consulting because existing liens upon Parcel One and Two and writs of garnishment attaching to the Bank Accounts provide the requisite security, at this time.

We further order that the instant cause—07-20-00264-CV—be consolidated with the pending interlocutory appeal bearing cause number 07-20-00263-CV and styled *Timothy Castleman and Castleman Consulting, LLC v. Internet Money Limited, d/b/a The Offline Assistant and Kevin O'Connor, Individually.*

By this order, the Court also grants Castleman's request for expedited consideration and denies Castleman's motion for emergency stay of execution as moot.

It is so ordered.

Per Curiam