## DALLAS BANK & TRUST CO. v. THOMPSON.

### Motion No. 11286; No. 11947.

Court of Civil Appeals of Texas. Dallas. Jan. 12, 1935.

Rehearing Denied Jan. 29, 1935.

McBride, Hamilton, Lipscomb & Wood, of Dallas, for relator.

J. N. Townsend, of Dallas, for respondent.

BOND, Justice.

The relator seeks relief in aid of an appealed cause, to stay the execution or enforcement of a final judgment of a district court of Dallas county, pending a hearing on the appeal. For the judgment appealed from, if a final judgment as here contended by the relator, to which we express no opinion as the precise question must be considered by us on the appeal, the statutes of this state afforded the relator a clear remedy to stay its enforcement by the timely filing of a supersedeas bond, which was not done. The appeal is affected by the relator filing in the court below a cost bond, so this court has no power to stay the execution or enforcement of the judgment. It is clear that the statute affords the relator the right to suspend the judgment against it by giving the supersedeas bond, as provided by law, and thus have stayed the paying out of the money from the district clerk to the receiver, until the final determination of the case. Having a complete provisional remedy at law, it is not entitled to the injunction.

Application refused.

### On Motion for Rehearing.

On motion for rehearing, the relator presents what it contends to be a compliance with the prerequisites of the statute to suspend the enforcement of a judgment, by the filing of a supersedeas bond "in a sum in excess of double the amount of the judgment, interest and costs," and again urges the issuance of a writ of injunction to compel respondent to suspend the enforcement of the order of the trial judge consolidating two causes, and directing the clerk of the district courts of Dallas county to turn over to respondent, as receiver, the sum of $23,000, deposited into the registry of the court by interpleaders.

Article 2275 provides that: "Upon the filing of a proper supersedeas bond, the appeal or writ of error shall be held to be perfected, and the execution of the judgment shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a supersedeas." The bond, urged here as a ground for rehearing and to grant an injunction, was filed in the court below on January 19, 1935, after the presentation of, and our original opinion on, relator's original application for injunctive relief. There is nothing anew presented to advise this court, upon the filing of the bond, as to the action

of the judge, clerk, or respondent in reference to the suspension of the enforcement of the judgment, or that the clerk did not forthwith issue a writ of supersedeas. On the filing of a proper supersedeas, it was incumbent upon the relator, in order to suspend the execution or enforcement of the judgment, either to apply to the judge for an order to stay the hand of its receiver, or to the clerk for a writ of supersedeas. Relator did neither.

It is clear, we think, that before a summary action may be had to stay the execution or enforcement of an appealed judgment, appellant, or the party appealing, is required not only to file a proper supersedeas bond, but show that after the filing of such a bond the trial judge refused to suspend the judgment, that the clerk of the court refused to issue a writ of supersedeas, and that the respondent was acting in derogation of relator's rights; and then apply to the proper court for a writ of mandamus to compel the clerk to issue the writ, and the trial judge to stay the action of its receiver, in compliance with the supersedeas provisions of the statute. So, the relator having a clear legal remedy, a writ of injunction is not available.

Motion for rehearing overruled.