**LANDRUM et al. v. CENTENNIAL RURAL
HIGH SCHOOL DIST. et al.**

No. 9083.

Court of Civil Appeals of Texas. Austin.

Dec. 31, 1940.

Rehearing Denied Jan. 22, 1941.

800

E. M. Critz, of Coleman, for appellants.

W. Marcus Weatherred, of Coleman, for appellees.

BLAIR, Justice.

We have reached the conclusion that all questions with respect to the suit of appellants to restrain the issuance and sale of the bonds involved have become moot. The facts upon which we base this conclusion are as follows:

On March 18, 1939, Centennial Rural High School District voted bonds in the sum of $28,000, "for the purpose of constructing and equipping a high school, gymnasium, and teacherage." On April 3, 1939, the State Board of Education authorized the purchase of these bonds with state permanent school funds when approved by the Attorney General. On April 5, 1939, the appellants in the instant case, taxpayers of the school district, filed a contest of the bond election, which was determined against them. Tom Landrum et al. v. Centennial Rural High School District, Tex.Civ.App., 134 S.W.2d 353, writ of error dismissed; correct judgment. The bonds were dated April 10, 1939, and on March 29, 1940, appellants, after having unsuccessfully contested the bond election, filed this proceeding, seeking to perpetually enjoin and restrain the appellee school district and its board of trustees (1) from issuing, selling and delivering the bonds; and (2) from levying, assessing, and collecting any taxes for the payment of the bonds; and by amended pleadings filed May 29, 1940, appellants alleged that the bonds were void because of certain irregularities in the election authorizing the bonds and the taxes to pay them, and because the bonds were issued for purposes not authorized by Sec. 3 of Art. 7 of the Vernon's Ann.St. Constitution, and of Sub. 2 of Art. 2784, and, if applicable, of Art. 2922l as amended in 1927, Vernon's Ann.Civ.St. Art. 2922l. On June 13, 1940, the trial court denied appellants any injunctive relief, decreed that the bonds were valid, and authorized their sale by appellees; from which judgment this appeal is prosecuted.

Appellants alleged that the Attorney General had approved, or was threatening to approve, and would approve the bonds if not restrained, but neither he nor the State Comptroller, whose duty it was to register them, was made a party to this proceeding. Appellants gave notice of appeal, and filed only a cost bond. They did not seek by temporary injunction, supersedeas, or otherwise, to enjoin the approval, registration, or sale of the bonds pending the appeal. By affidavit and official certificates filed herein by appellees, it is shown that after the final judgment of the trial court on June 13, 1940, denying the injunction and decreeing the bonds to be valid, the Attorney General on July 3, 1940, approved $25,500 of the bonds,—$2,500 of the $28,000 voted having already matured on that date were not allowed,—and on the same date the bonds were registered by the State Comptroller; and on August 9, 1940, the State Treasurer issued a warrant against the permanent school fund in payment of the bonds, and appellee district received the money thereon on August 10, 1940.

Having successfully defended the action to restrain the issuance and sale of

the bonds and having also obtained a decree declaring them to be valid and authorizing their sale, appellees were free, pending an appeal by appellants from such judgment, to proceed to complete the sale of the bonds unless restrained by some proper method from doing so. The rule is settled that where injunctive relief has been denied, the plaintiff cannot create the injunction by merely giving notice of appeal from the order denying the injunction, or by merely filing a cost bond. Art. 2268, R.S.1925. Appellants had at least two remedies open to them: First, to obtain pending the appeal a temporary injunction or order to preserve the status quo. Bird v. Alexander, Tex. Civ.App., 288 S.W. 606; Art. 1823, R.S. 1925. Second, appellants could have superseded the judgment of the trial court denying them an injunction and decreeing the bonds to be valid, and authorizing their sale. Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103. Not having taken any proper step to prevent the issuance and sale of the bonds pending the appeal, they cannot obtain an injunction prohibiting the sale of bonds which have already been sold, delivered and paid for pending the appeal. And it was held in Walling v. Malone Ind. Sch. Dist., Tex.Civ. App., 195 S.W. 671, that where school district bonds have been sold to the State Board of Education, such Board is a necessary party to a suit contesting the validity of the issue; and in any event a judgment declaring the bonds invalid as between appellants and appellees in the instant case would not be binding upon the Board, it not being a party to this suit. Nor do we pass upon the question of whether the State Board of Education may be sued to cancel bonds which it has purchased with permanent school funds without express authority from the Legislature to do so.

Nor do we sustain the contention of appellants in this connection that the filing of their suit to cancel the bonds invoked the rule of lis pendens. The bonds are commercial paper and entitled to the privileges and immunities attaching to negotiable instruments, and "they are not, therefore, within the rule of lis pendens." Board v. Texas & P. Ry. Co., 46 Tex. 316.

Appellees also contend that all questions with respect to the suit of appellants to restrain appellees from levying and collecting the taxes voted to pay the bonds have also become moot. This contention is predicated upon the claim that the taxes are only an incident of the bonds; and that since the bonds have been approved, registered, sold, delivered and paid for by the State Board of Education, all questions with respect to such incidental taxes have become moot. If it may be assumed that the State Board of Education is an innocent purchaser of the bonds, the rule stated is a correct one. See Walling v. Malone Ind. Sch. Dist., supra, wherein the court recited that the State Board of Education had purchased the bonds; that it was not a party to the suit; that the bonds were valid in the hands of the Board as innocent purchaser; and that since the bonds were valid, the taxes authorized to pay them were likewise valid as a necessary incident to the bonds, the court reasoning that the bonds without the taxes to pay them would be worthless.

But appellants contend in this connection that although the bonds have been approved and sold, their validity, or the validity of the taxes to be levied and collected in the future to pay them, may be attacked if the bonds were fraudulently issued, or issued in violation of some constitutional or statutory restrictions, under the provisions of Article 2670, R.S.1925. This statute so provides, but no such ground of invalidity of the bonds appears in the instant case.

The alleged grounds of invalidity of the bonds relate in the main to mere irregularities in the bond and tax election, and were matters which should have been and must be held to have been concluded against appellants in their election contest suit. That is, the questions of whether the uniform maintenance tax for the school district had been properly adopted, or whether a proper majority was favorable to the uniform tax for the district, or whether the language "to determine whether the commissioners court of said county shall be authorized to levy, assess and collect" the tax necessary to pay the bond, as contained in the petition and notice of the election, when same should have read, "whether the Board of Trustees of the said district shall be authorized to levy, assess and collect" said tax, or whether the ballot should have submitted separately the question as to whether the bonds should be issued to build the three buildings contemplated, are all questions relating to mere irregularities or fairness of the election procedure, and do not render the bonds invalid. These relate only to fact questions

which do not render the bonds void on their face nor as a matter of law; and since the bonds have been issued and sold and contain recitals that all facts existed which conferred authority to issue them, and are negotiable bonds, they are valid in the hands of innocent purchasers or bona fide holders, and are collectible, notwithstanding the non-existence of facts required to confer authority to issue them under the Texas rule of estoppel arising through recitals in the bonds or the portions of the bond record which a purchaser is required to examine. Citizens' Bank v. City of Terrell, 78 Tex. 450, 14 S.W. 1003; Nolan County v. State, 83 Tex. 182, 17 S.W. 823; City of Tyler v. Tyler B. & L. Ass'n, 99 Tex. 6, 86 S.W. 750.

The same rule applies to the ground raised that the bonds were voted and issued for purposes not authorized by the constitutional and statutory provisions relating thereto. The petition for the election, the election notice, the order authorizing the bonds and tax to pay them, and the bonds themselves recite that they were voted "for the purpose of constructing and equipping a high school, gymnasium, and teacherage" within the district. The Constitution and applicable statutes provide that bonds may be voted and taxes levied and collected by rural high school districts for the purpose of constructing and equipping "school buildings" within such districts. Sec. 3 of Art. 7 Vernon's Ann. St. Const., Art. 2922l, as amended in 1927 Vernon's Ann.Civ.St. Art. 2922l. Neither the Constitution nor the statutes define what is meant by the term "school buildings," and in consequence a question of fact arises as to what sort of a building would be necessary or useful for the purpose of conducting a public free school, which question is necessarily left to the determination of the governing authorities of the school district. And since neither the bond record required to be examined, nor the bonds themselves show on their face, or as a matter of law, that the bonds were voted or issued for purposes not authorized by law, appellants cannot prevail under the rule announced by the authorities above cited.

It may also be observed that Art. 2797, R.S., provides for the use of school funds in constructing teacherages; and in the case of Adams v. Miles, Tex.Civ.App., 300 S.W. 211, affirmed by Commission of Appeals, 41 S.W.2d 21, it is held that a teacherage comes within the meaning of a "schoolhouse" or school building; and in other jurisdictions it is generally held that the term "schoolhouse", or "school buildings" includes gymnasiums and teacherages. McNair v. School Dist., 87 Mont. 423, 288 P. 188, 69 A.L.R. 866–874; Alexander v. Phillips, 31 Ariz. 503, 254 P. 1056, 52 A.L. R. 244–259.

The judgment of the trial court is affirmed.

Affirmed.