**Edgar T. BURCH, aka E. Thomas Burch, and the Sun City Apartments, Inc., Relators,**

**v.**

**Hon. J. W. A. JOHNSON et al., Respondents.**

**Motion No. 9935.**

Court of Civil Appeals of Texas.

El Paso.

Sept. 10, 1969.

**632**

Joe A. Morgan and Howard Jefferson Gibbs, El Paso, for relators.

Mayfield, Broaddus & Perrenot, Francis C. Broaddus, Jr., El Paso, Scott, Hulse, Marshall & Feuille, J. Sam Moore, Jr., El Paso, for respondents.

## OPINION ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF INJUNCTION AND WRIT OF PROHIBITION

PER CURIAM.

The relators seek relief in aid of an appealed cause by injunction against the District Clerk of El Paso County to stay the enforcement of a final judgment of a District Court of El Paso County pending a hearing on the appeal; and further by prohibition against the District Judge from ordering enforcement of the final judgment. The matter relates to an interpleader action where the funds were placed on deposit with the Clerk. Both parties contend that an appeal bond has been made by the relator in the appealed cause, but that no supersedeas bond has been tendered to the Clerk, the relator contending that none is necessary in an interpleader action with the funds in the possession of the Clerk.

▇ We do not so construe the rule. Both injunction and prohibition do not lie where there is an adequate remedy through the ordinary channels of procedure. It is clear that Rule 364, Texas Rules of Civil Procedure, affords the relator the right to suspend the judgment against it by giving the supersedeas bond, as provided by law, thus staying the paying out of the money by the District Clerk until the final determination of the case. Having a complete provisional remedy at law, the relators are not entitled to the relief sought.

The motion for leave to file the petition for writ of injunction and writ of prohibition in the Court of Civil Appeals is denied. See Dallas Bank & Trust Co. v. Thompson, 78 S.W.2d 740 (no writ).