**Joe Dudley PACE, Movant,**

v.

**John J. McEWEN, Jr., Respondent.**

**No. 16573.**

Court of Civil Appeals of Texas, San Antonio.

June 20, 1980.

Richard G. Strong, Casseb, Leon, Rodgers, Strong & Pearl, San Antonio, Jeffrey A. Davis, Reynolds, Allen & Cook, Houston, for movant.

Pat Maloney, Jack Pasqual, George LeGrand, San Antonio, for respondent.

## OPINION

CADENA, Chief Justice.

Relator, Joe Dudley Pace, has filed this original application for injunction to stay the enforcement of an order entered by a Bexar County district court on June 9, 1980, pending disposition of relator's appeal from such order.

In 1977 respondent, John J. McEwen, Jr., obtained a money judgment against relator which has not been satisfied. Respondent, after the 1977 judgment had become final, filed, in that same case, a "Motion in the Nature of a Bill of Discovery and Motion for Declaratory Relief." In this proceeding respondent sought judgment allowing respondent to execute upon real estate located in Harris County, legal title to which is in relator, in satisfaction of the 1977 judgment; and a declaration that equitable title to such land lies in the estate of respondent's testatrix. The motion also contained a prayer for general relief.

The June 9, 1980, judgment, from which relator has perfected his appeal, declares that the Harris County land is not the homestead of relator and not exempt from forced sale or execution. The judgment orders relator to turn over such property to the Sheriff of Harris County and orders that sheriff to sell the property to the highest bidder according to the laws and procedures provided for executions. Finally, the judgment decrees that relator shall turn over said land to the sheriff not later than 12:00 o'clock noon on June 19, 1980, and that should relator fail to do so, the court "shall enforce this order by proceedings for contempt or otherwise in case of refusal or disobedience, all as provided by Tex.Rev. Civ.Stat.Ann. art. 3827(a)[3827a]."

Relator's application for injunctive relief in this Court concerns only that portion of the June 9, 1980, judgment which orders him to turn the property over to the Sheriff of Harris County no later than noon, June 19, 1980.

Whether the judgment entered below is one which the trial court had authority to enter under the statute referred to in the judgment is a question which is not now before us, nor are we at this time called on to determine whether the relief sought by respondent's motion "in the nature of a bill of discovery" is available under that statute or under other rules relating to discovery.

Article 1823, Tex.Rev.Civ.Stat.Ann. (Vernon 1964), gives this Court the power to issue such writs as may be required to protect and preserve its jurisdiction. We agree with relator that unless injunctive relief is now granted, he will be forced to comply with that portion of the judgment requiring him to turn his property over to the sheriff for sale at execution, and any opinion we might subsequently render as to the validity of that portion of the judgment would be meaningless.

Respondent urges that under Rule 364, Tex.R.Civ.P. (1977), relator had the right to prevent any portion of the judgment below by filing a supersedeas bond. We are in agreement with this statement, but we do not agree that this Court is deprived of the power to issue the relief sought by relator because Rule 364 affords relator an adequate remedy at law.

In *Burch v. Johnson*, 445 S.W.2d 631, 632 (Tex.Civ.App.–El Paso 1969, no writ), the Court, in a *per curiam* opinion, said:

> Both injunction and prohibition do not lie where there is an adequate remedy through the ordinary channels of procedure. It is clear that Rule 364 . . . affords the relator the right to suspend the judgment against it by giving the supersedeas bond . . . thus staying [enforcement of the judgment]. Having a complete provisional remedy at law, the relators are not entitled to the relief sought.

A similar holding was made in *Dallas Bank & Trust Co. v. Thompson*, 78 S.W.2d 740 (Tex.Civ.App.–Dallas 1935, no writ).

In *Landrum v. Centennial Rural High School Dist.*, 146 S.W.2d 799 (Tex.Civ.App.–Austin 1940, writ dism'd judgmt. cor.), the Court pointed out that a party wishing to prevent enforcement of a judgment from which he has perfected an appeal had two remedies available: "First, to obtain pend-

ing the appeal a temporary injunction . . Art. 1823, R.S. 1925. Second, appellants could have superseded the judgment of the trial court . . . ." 146 S.W.2d at 801.

 The rule which respondent seeks to apply has undoubted application in cases where the purpose of the injunction is to protect the rights of a litigant. This court has no power to grant a temporary injunction to prevent damage to an appellant. That power is vested exclusively in trial courts. Our power to issue injunctions flows from the provisions of Article 1823, and the power granted by that statute is limited to the purpose of protecting our jurisdiction. *See Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex.Civ.App.–Dallas 1931, writ ref'd). Since we issue injunctions only for that limited purpose and not for the purpose of protecting a litigant, our exercise of that power in no degree depends upon the rights of a litigant or the remedies available to him. Once our jurisdiction is threatened, our right to preserve and protect it cannot depend on the adequacy of legal remedies which would be available to the litigant but which are not available to us. Whether our jurisdiction will be preserved or destroyed cannot be left to the whim of a litigant this Court cannot file a supersedeas bond to prevent the destruction of our jurisdiction, nor can this Court order an unwilling litigant to file such a bond. To hold that the availability of supersedeas to a litigant in any way affects the power granted to this Court to protect its jurisdiction is to ignore the reason for the grant of power and the purpose to be served by its exercise.

We decline to follow *Burch* and *Dallas Bank & Trust Co.*

Relator's application for injunction, pending disposition of the appeal from the order of June 9, 1980, is granted.

MURRAY, Justice, dissenting.

I dissent. The record in this case shows that the relator has made no attempt to suspend any portion of the judgment below by the execution of a supersedeas bond. Tex.R.Civ.P. 364 has application to judg-

ment such as the one under consideration here. In this case I would follow the reasoning in *Burch v. Johnson*, 445 S.W.2d 631 (Tex.Civ.App.–El Paso 1969, no writ), and deny the injunction.