**DISMISS; and Opinion Filed June 3, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00692-CV

### IN RE BILLY HARRIS AND DEMAKI HARRIS, Relator

**Original Proceeding from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-11-04569-B**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice Lang

Relators file this petition for writ of injunction requesting that the Court enjoin the scheduled foreclosure sale of their residence. The facts and issues are well known to the parties so we need not recount them here. This Court's power to issue writs is statutorily defined. Our statutory general writ power is limited to "writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). The power granted by section 22.221 (a) of the government code is not a power that is granted to prevent damage to the appellant pending appeal. That purpose is served by the statutes allowing appellants to supersede judgments by posting an appropriate bond. *Dallas Bank & Trust Co. v. Thompson*, 78 S.W.2d 740, 740 (Tex. Civ. App.—Dallas 1935, no writ) ("It is clear that the statute affords the relator the right to suspend the judgment against it by giving the supersedeas bond, as provided by law."); *see also Burch v. Johnson,* 445 S.W.2d 631, 632 (Tex. Civ. App.—El Paso 1969, no writ) ("Both injunction and prohibition do not lie where there is an adequate remedy through the

ordinary channels of procedure.") Rather, our power to issue a writ of injunction is a power limited to the purpose of protecting our jurisdiction. *Pace v. McEwen*, 604 S.W.2d 231, 233 (Tex. Civ. App.—San Antonio 1980, no writ).

Although relators allege that the pending foreclosure threatens the court's jurisdiction in their existing appeal, unlike the cases cited by relators involving appeals of interlocutory orders of the trial court, the foreclosure of the property at issue does not moot their claims in the appeal and, thus, does not implicate the Court's jurisdiction over the appeal. Thus, the Court lacks jurisdiction to issue a writ of injunction under section 22.221(a) of the government code. Accordingly, we **DISMISS** the petition for writ of injunction.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

140692F.P05