

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-23-00209-CV**

**CALVIN JOSEPH RODRIGUEZ**
**AND ELIZABETH ANN RODRIGUEZ,**

                                                                **Appellants**

 **v.**

**JACK BRANDOM, CHIEF EXECUTIVE OFFICER**
**OF COUNTRY PLACE MORTGAGE LTD, AND**
**COUNTRY PLACE MORTGAGE LTD,**
**AS NOMINEE FOR LENDER AND LENDER'S**
**SUCCESSORS AND ASSIGNS,**

                                                                **Appellees**

---

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. DC-22-54246**

---

**MEMORANDUM  OPINION**

---

In four issues, pro se appellants, Calvin Joseph Rodriguez and Elizabeth Ann

Rodriguez, challenge the trial court's judgment denying appellants' request for a default

judgment, striking appellants' pleadings for discovery abuse, and dismissing appellants'

claims against appellees, Jack Brandom, Chief Executive Officer of Country Place

Mortgage Ltd., and Country Place Mortgage Ltd as nominee for lender and lender's successors and assigns, with prejudice. Specifically, appellants contend that: (1) the trial court erred by failing to grant a default judgment in their favor; (2) this Court should modify the judgment to dismiss appellees' claims; and (3) they were not required to follow the trial court's discovery order because appellees did not timely file their answer; and (4) they are entitled to injunctive relief because the trial court acted ultra vires. Because we overrule all of appellants' issues on appeal, we affirm.

## Background

In this matter involving the foreclosure of property in Kempner, Texas, appellants filed a pro se original petition for wrongful foreclosure and an application for temporary restraining order and injunctive relief against appellees. In their original petition, appellants indicated that they secured financing from Country Place Mortgage LLC by virtue of signing a promissory note to purchase the Kempner property in August 2017. Appellants also signed a deed of trust as security for the note. The promissory note was in the amount of $148,948.

Thereafter, on October 11, 2022, Country Place Mortgage sent appellants a notice of acceleration and notice of foreclosure sale because appellants had failed to make the required monthly payments under the note. In response to these notices, appellants sent Country Place Mortgage what they characterized as a negotiable instrument in the amount of $188,527,73 in full satisfaction for the debt remaining under the note:

Payable through:

Calvin-Joseph-Jr.: Rodriguez
Done in good faith
101 Oak Street #A125
Copperas Cove, Texas [76522]

**CERTIFIED FUNDS**
Remit at Par

UST
1500 PENNSYLVANIA
AVENUE N.W.
WASHINGTON, D.C. 20220

15-51
000

No. 9954

Date: 11/04/2022

Pay to
the Order of: COUNTRY PLACE MORTGAGE LTD

$ **188,527.73

One Hundred Eighty Eight Thousand Five Hundred Twenty Seven And 73/100***************** Dollars

Memo Acct # 10044404 "Apply to "Total Balance"

Calvin-Joseph-Jr.: Rodriguez, Beneficiary
Authorized Signature
Exemption # 439026880

Reference: prepaid personal item; exchange acknowledgment
This draft is an offer of tender and discharges the obligation per UCC §§ 1-103, 1-104, 3-603(a)(b), and Public Policy--House Joint Resolution 192 of June 5, 1933.

SECURITY FEATURES INCLUDED. DETAILS ON BACK

⑆021030004⑆ ⑈439026880⑈ 009954

9954

| Date | Account No. | Amount | Previous Balance | Current Balance |
|------|-------------|--------|------------------|-----------------|
| 11/04/2022 | 10044404 | 188,527.73 | | |

**MEMORANDUM**

**Fiduciary Collector:** Post the uncollected funds into the asset column of this account and charge the offer and acceptance for settlement; prepaid and exempt when entered in the post-closing Balance.
This statement constitutes Maker's order to pay this instrument upon presentment and indorsement.

As an operation of law, Payee tacitly consents and agrees that there is accord and satisfaction by use of this instrument to satisfy Payee's claim and Maker is hereby discharged from liability on this alleged account and the obligation is suspended in accordance with law as codified at UCC §§ 3-310(b), 3-311 3-603, and Public Policy at House Joint Resolution 192 of June 5, 1933

Maker does not waive timeliness. However, if Payee needs additional time, Payee must present Maker with a written request for additional time within a reasonable time, setting forth the reason Payee requests an extension of time, with good cause shown. The acceptability of any such request received by Maker from Payee is conditional upon approval by Maker.

In the event this instrument is not presented for payment within a reasonable period of time, and there has been no request for an extension of time with good cause shown, Payee tacitly consents and agrees that Maker has satisfied/discharged the debt claim re this alleged account.

Payee tacitly consents and agrees that Payee has a duty to prevent this debt claim/monetary obligation from damaging Maker in any way, and that Payee confesses judgment and Maker reserves the right to initiate a counterclaim against Payee, and file a claim against the bond any responsible party, including Payee and all principals, agents, and assignee of Payee, whose acts/omissions result in tort damages against Maker.

For questions regarding this draft, contact maker by written correspondence:

Calvin-Joseph-Jr.: Rodriguez 101 Oak St. #A125, Copperas Cove, Texas [76522]

By letter dated November 10, 2022, counsel for Country Place Mortgage notified appellants that the alleged check in the amount of $188,527.73 was received, but that "our

client's financial institution has verified that the routing and account numbers on the check are invalid, and the check is not negotiable." Accordingly, Country Place Mortgage indicated that it would proceed with foreclosure on the property on December 6, 2022.

On December 5, 2022, a day before the scheduled foreclosure sale, appellants filed their original petition, alleging that the foreclosure sale was wrongful because the underlying note and deed of trust were fraudulent, Country Place Mortgage wrongfully denied or refused the negotiable instrument as payment for the remaining balance owed under the note, and because Country Place Mortgage never had a secured debt given that the terms within the note and deed were unenforceable.

The return of service indicated that appellants' original petition was served on Jack Brandom, CEO of Country Place Mortgage, on December 20, 2022, at 12:55 p.m. in Addison, Texas. On January 18, 2023, appellees filed an original answer denying the contentions made by appellants in their original petition and noting that Country Place Mortgage had not been sued in the proper capacity. Appellees also sent discovery requests to appellants.

On February 28, 2023, appellants filed an amended petition. Appellees responded on March 2, 2023, by filing a motion to compel discovery, noting that initial disclosure responses were due from appellants on or before February 20, 2023, and that appellants had not provided any responses to the outstanding discovery requests.

Appellants filed objections to appellees' answer and motion to compel discovery. However, after a hearing, the trial court granted appellees' motion to compel discovery and ordered appellalnt to provide complete responses to initial disclosures no later than fifteen days from April 18, 2023.

Subsequently, on April 21, 2023, appellants filed a "motion for summary judgment," arguing that they were entitled to judgment on their claims because appellees did not timely file their answer to appellants' original petition. Appellants did not provide the discovery responses ordered by the trial court.

On May 10, 2023, appellees filed an amended motion for sanctions, requesting that the trial court strike appellants' pleadings and dismiss their claims under Texas Rule of Civil Procedure 215 as a sanction for failing to comply with the trial court's April 18, 2023 order requiring complete responses to appellees' initial disclosures. The trial court set appellees' motion to dismiss for a hearing.

Appellants filed a notice on May 15, 2023, stating that they intended to move for default judgment against appellees at a June 20, 2023 hearing, and objections to appellees' motion for sanctions. Thereafter, appellees filed a response to appellants' motion for summary judgment to which appellants objected.

The trial court conducted a hearing on all pending motions. At the conclusion of the hearing, the trial court overruled appellants' objection to appellees' purported failure to timely file an answer because appellees filed an answer, and because appellants failed

to seek a default before said answer was filed. The trial court also denied appellants' motion for default judgment on the ground that Texas Rule of Civil Procedure 92 does not require appellees to file an answer to each and every amended petition that appellants filed. The trial court determined that appellants had wholly failed to respond to discovery requests from appellees and to the trial court's April 18, 2023 order. As such, under Texas Rule of Civil Procedure 215.2(b), the trial court struck appellants' pleadings and dismissed appellants' claims as a sanction for discovery abuse. This appeal followed.

**Analysis**

In their first issue, appellants contend that the trial court erred by failing to grant a default judgment in their favor based on their allegation that appellees failed to timely file their answer. We disagree.

A plaintiff may properly seek a default judgment after the defendant's time to file an answer has expired and the citation and proof of service have been on file with the clerk for at least ten days, excluding the day of filing and the day of judgment. *See* TEX. R. CIV. P. 107, 239. However, it is well settled that rendition of a default judgment when there is an answer on file is error—even if the answer was filed late. *See id.* at R. 239; *Davis v. Jeffries*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) (holding that a default judgment was improper even though the answer was not filed before its due date, but rather, it was filed two hours and twenty minutes before the default judgment was signed); *see also Lozano v. Lozano*, No. 04-12-00361-CV, 2013 Tex. App. LEXIS 792, at *4 (Tex. App.—San

Antonio Jan. 30, 2013, no pet.) (mem. op.) (observing that a defendant's filing of a late answer precludes a trial court's award of default judgment); *Alvarez v. Kirk*, No. 04-04-00031-CV, 2004 Tex. App. LEXIS 9880, at *3 (Tex. App.—San Antonio Nov. 4, 2004, no pet.) (mem. op.) ("If the defendant files an answer after the deadline to answer but before the trial court considers a motion for default judgment, the court cannot render a default judgment."). Here, appellants did not seek a no-answer default judgment until after appellees had filed their answer. Because appellees' answer was on file before appellants' sought a no-answer default judgment, we cannot say that the trial court erred by failing to grant appellants a no-answer default judgment. Accordingly, we overrule appellants' first issue.

In their second issue, appellants argue that appellees did not have standing to request that appellants' claims be dismissed because appellees did not timely file their answer, and because appellants were entitled to a no-answer default judgment. As stated above, appellants were not entitled to a no-answer default judgment because appellees' answer was on file before appellants moved for a no-answer default judgment. We therefore conclude that appellants' second issue lacks merit and overrule the issue.

In their third issue, appellants assert that they were not required to comply with the trial court's April 18, 2023 discovery order because it was of no effect due to appellees' failure to timely file their answer. Appellants do not cite any authority in support of this contention. *See* TEX. R. APP. P. 38.1(i). Furthermore, this issue is once again premised on

the contention that appellees' untimely answer entitled appellants to a no-answer default judgment.  For the reasons stated in the first issue, we conclude that this contention lacks merit.  As such, we overrule appellants' third issue.

In their fourth issue, appellants complain that injunctive relief should be issued immediately because the trial court acted ultra vires.  Appellants' contention in this issue is premised once again on the assumption that appellants were entitled to a no-answer default judgment based on the appellees' untimely answer.  We have already concluded that appellants were not entitled to a no-answer default judgment because appellees' answer was on file before appellants sought a no-answer default judgment.

We further note that appellants have not demonstrated that a writ of injunction is necessary to enforce the jurisdiction of this Court.  *See* TEX. GOV'T CODE ANN. § 22.221(a) (providing that appellate courts' authority to issue writs of injunction is limited to occasions where doing so is necessary to enfore the jurisdiction of the court); *Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, orig. proceeding) (stating that appellate courts do not have jurisdiction to issue a writ of injunction merely to preserve the status quo or prevent loss or damage to one of the parties during the appeal); *Pace v. McEwen*, 604 S.W.2d 231, 233 (Tex. Civ. App.—San Antonio 1980, orig. proceeding) (same); *see also In re Barbee*, No. 12-09-00165-CV, 2010 Tex. App. LEXIS 6947, at *10 (Tex. App.—Tyler Aug. 25, 2010, orig. proceeding) (mem. op.) (same).  Accordingly, we overrule appellants' fourth issue.

## Conclusion

Having overruled all of appellants' issues on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed December 14, 2023
[CV06]

