ACCEPTED
15-24-00114-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 3:46 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-24-00114-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 3:46:41 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT OF TEXAS**

---

**CECILE ERWIN YOUNG, IN HER OFFICIAL CAPACITY AS EXECUTIVE COMMISSIONER OF THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**
*Appellant,*

**v.**

**COOK CHILDREN'S HEALTH PLAN; TEXAS CHILDREN'S HEALTH PLAN; SUPERIOR HEALTHPLAN, INC.; AND WELLPOINT INSURANCE COMPANY,**
*Appellees.*

---

On Appeal from the 455th Judicial District Court, Travis County, Texas
Cause No. D-1-GN-24-003839

---

**APPELLEES' JOINT REPLY IN SUPPORT OF
MOTION FOR REHEARING OF RULE 29.3 MOTIONS**

---

## INTRODUCTION

The Commissioner has demonstrated by her arguments and actions that she is intent on avoiding *any* meaningful judicial review of the trial court's finding that she likely violated more than a dozen Texas laws. Instead, she seeks to finalize the procurement and execute contracts with the intended awardees at the earliest opportunity, which could moot the appeal. The Court's denial of Appellees' Rule 29.3 motions, based solely on the standstill agreement, inadvertently makes it possible that the Commissioner could execute contracts without *any* court fully considering whether Appellees face a risk of imminent, irreparable harm and before this Court could act to preserve its jurisdiction to decide whether the Commissioner's administration of the procurement is unlawful.

Appellees' concern that the Commissioner is laying the groundwork for a mootness argument is not mere conjecture. Her predecessor made a similar maneuver in *Wilson v. Community Health Choice Texas, Inc.,* 607 S.W.3d 843, 848 (Tex. App.—Austin 2020, pet. denied), by executing contracts during litigation over the legality of the procurement and then arguing that his action made the litigation moot. Thus, this Court should reconsider Appellees' Rule 29.3 motions and reinstate the trial court's injunction to prevent irreparable harm and preserve the Court's jurisdiction until the appeal is decided. Alternatively, the Court should extend its administrative stay to permit Appellees to renew their motions should the Supreme

1

Court deny relief. Simply put, this indisputably important matter—in which the trial court has already found the Commissioners' conduct ultra vires and which affects access to healthcare for millions of Texans—deserves substantive judicial review.

**ARGUMENT**

I. **The Commissioner's response confirms her intent to move forward with executing contracts, causing imminent, irreparable harm to Appellees and threatening this Court's jurisdiction.**

The Commissioner's response to the motion for rehearing and her other communications to Appellees and the Court confirm that Appellees face imminent, irreparable harm and highlight the need for relief from this Court. In her response, the Commissioner confirms her position that if the Supreme Court denies the mandamus petitions (even without any consideration of the merits), then the parties' agreement would not prevent her from executing the contracts while this Court considers renewed motions for a temporary order. Resp. at 2 n.1.

The Commissioner's position is consistent with her repeatedly signaled intent to move forward with the very conduct that the trial court found is likely ultra vires. At the temporary-injunction hearing, the Commissioner testified that she would be able to move forward with the procurement (including executing the contracts) immediately after being released from any judicial prohibition. 6RR:147.[1] More

---

[1] The Commissioner has argued that she first has to decide the pending administrative appeals. Appellant's Br. at 11. But as discussed in Appellees' briefs,

2

recently, in objecting to Appellees' request for an extension of time to file their merits briefs, she again indicated her intent to execute the contracts, if possible, even before this Court can reach the merits of her appeal. She has refused to agree to even a short standstill to allow Appellees time to seek additional temporary relief, if necessary. *See* Ex. 1. And, most recently, when asking for an extension of time to file her reply brief on the merits and to continue the date for oral argument (after stridently opposing an extension request by Appellees), the Commissioner again would not commit to waiting for this Court to decide the appeal on the merits before she executes contracts. *See* Ex. 2.

In short, there can be no doubt that without this Court's intervention, the Commissioner will execute the contracts as soon as she believes (wrongly or not) that the existing protections under the standstill agreement have expired, before Appellees or the Court have time to prevent irreparable harm and preserve the Court's jurisdiction. And if given the opportunity, the Commissioner will almost

---

her arguments in this Court make clear she intends to deny those appeals. For example, she justified her opposition to Appellees' request for additional time to file their response briefs on the ground that Appellees should not receive any further payments "for contracts **they did not win**" and "to which they ha[ve] **no entitlement**." Resp. to Second Mot. for Extension of Time at 2 (emphasis added); *see also id.* at 3 (describing Appellees' case as "meritless").

certainly argue—as her predecessor did in *Wilson*—that Appellees' claims have been rendered moot by her execution of contracts with the intended awardees.[2]

## II.     The Court should not use the parties' temporary standstill agreement to sidestep a full analysis of the irreparable harm Appellees face.

The Commissioner does not dispute that the purpose of the parties' standstill agreement was to enable this Court to fully consider Appellees' arguments for a temporary order without the need for emergency action by the Court. And she "did not raise the ground that this Court relied upon" to deny Appellees' Rule 29.3 motions—that the standstill agreement precludes any irreparable harm to Appellees. *See* Resp. at 1–2. Yet she still asks this Court to adopt an approach at odds not only with the parties' standstill agreement but also with the Court's obligation to consider the irreparable harm that the trial court found Appellees face if the Commissioner is permitted to continue her ultra vires conduct.

By relying on the standstill agreement to limit its harm analysis, the Court misapplied the standard for determining irreparable harm. *See In re State*, 711

---

[2] The Commissioner also continues to argue that Appellees' claims of harm are not yet ripe. Resp. at 3. But the Commissioner's avowed intent to move forward as soon as she believes she is allowed belies this assertion. The Court should reject the Commissioner's incorrect and impossible ripeness standard, under which no claim is ripe until it has become moot because the harm has already occurred. Ripeness requires only that the alleged harm is likely to occur. *See Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 78 (Tex. 2015) (noting that ripeness requires only that harm "has occurred or is likely to occur").

4

S.W.3d 641, 645 (Tex. 2024) ("The applicant for a stay pending appeal should be expected to show that he will suffer irreparable harm if relief is not granted."). The Court concluded that Appellees failed to show "irreparable harm if *this Court* does not grant" the relief sought. Order at 3 (emphasis added). But the standard does not ask whether harm may occur "if this court" does not grant the requested injunction. Stated in the passive voice—"if relief is not granted"— the standard asks what harm might result if *no court* grants the injunction. In other words, the "irreparable harm" requirement asks whether, absent a court injunction—*i.e.*, absent intervention by the judiciary—there is a threat of imminent, irreparable harm to the party. If so, the court should issue the requested injunction; the party need not demonstrate that, absent an injunction from the court from whom relief is sought, appellate review to obtain that relief would also fail. *Cf. Huynh v. Blanchard*, 694 S.W.3d 648, 675, 679–80 (Tex. 2024) (noting that "the nuisance will intermittently continue in the same unremitting way absent an injunction").

The mere fact that a party *might* obtain relief from a higher court does not mean that the party faces no imminent, irreparable harm. Taking that position to the logical conclusion, a trial court would have to deny all requests for injunctive relief because the plaintiff might be able to obtain an appellate injunction or Rule 29.3 relief—an unintended result.

The parties' agreement does not preclude relief from this Court. It provides only a temporary standstill; it does not protect Appellees (or the Court's jurisdiction) through resolution of the appeal. If the Supreme Court denies mandamus review, the Commissioner has already said that she believes there will be nothing to stop her from executing the contracts before this Court rules on the merits of her pending appeal. *See* Resp. at 2 n.1. Thus, the Court should have considered not just the temporary protection of the standstill agreement but also the imminent and irreparable harm Appellees face should the Commissioner continue with the procurement and execute contracts before final resolution of the appeal. And because the Court did not do so, it did not provide the necessary review to safeguard Appellees' constitutional rights. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 89 (Tex. 2019) (orig. proceeding); *In re Tex. Educ. Agency*, 619 S.W.3d 679, 689–90 (Tex. 2021) (orig. proceeding).[3]

Additionally, the Court did not consider Wellpoint's alternative request for a writ of injunction to protect the Court's jurisdiction, which does not require a

---

[3] This approach also honors the text of Rule 6.6, under which "an agreement is subject to any appellate court order necessary to ensure that the case is properly presented." TEX. R. APP. P. 6.6. The intent of the parties' Rule 6.6 agreement was to enable—not curtail—the Court's power to fully consider whether Rule 29.3 relief is appropriate.

showing of irreparable harm.[4] Thus, any lack of irreparable harm was not a proper ground for denying the petition for writ of injunction.

The Commissioner insists there is no constitutional problem here because Appellees filed mandamus petitions in the Supreme Court. Resp. at 3. But she ignores the difference between a motion for a temporary order in the court of appeals and a mandamus petition in the Supreme Court. While this Court is required to consider **all** issues presented in the motion that are necessary to decide it, the Supreme Court can deny review without considering any merits arguments. *See In re Novartis Pharms. Corp.*, No. 24-0239, 2025 WL 2989490, at *4 (Tex. Oct. 24, 2025) (op. on denial of mandamus) (observing that Supreme "Court's failure to grant a petition for writ of mandamus is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available"). The Commissioner overlooks this key point: the procedural right to ask the Supreme Court to review this Court's denial of Rule 29.3 relief is not the

---

[4] Appellees have found no Texas case in which a court of appeals invoking Government Code section 22.221(a) or its predecessor has engaged in "irreparable harm" analysis in assessing whether to issue the writ of injunction to protect the court of appeals' jurisdiction. Rather, for purposes of such relief, the parties' rights do not matter. *See, e.g.*, *Pace v. McEwen*, 604 S.W.2d 231, 233 (Tex. Civ. App.—San Antonio 1980, orig. proceeding) (noting that appellate courts could issue injunctions solely to protect their jurisdiction "and not for the purpose of protecting a litigant," and observing that the court's "exercise of that power in no degree depends upon the rights of a litigant or the remedies available to him.").

equivalent of the right to have this Court's meaningful assessment, in the first instance, of that request for relief. Thus, the fact that the standstill agreement remains in effect while Appellees seek mandamus relief in the Supreme Court should not have affected the irreparable harm analysis.

The Commissioner misconstrues Appellees' argument, insisting that Appellees received full consideration of the merits of their Rule 29.3 motions because the Court's denial based on the standstill agreement was a "ruling on the merits." Resp. at 2–3. But she does not (and cannot) dispute that this Court's order did not address the imminent and irreparable harm Appellees face should the Commissioner execute contracts before final resolution of the appeal. *Id.*

Finally, using a standstill agreement as the ground to deny a Rule 29.3 motion will also have the perverse effect of increasing inefficiency in these types of appeals. The undisputed purpose of the agreement was to preserve judicial resources by obviating the need for emergency motions and immediate action by this Court in considering Appellees' Rule 29.3 motions, avoiding the risk of the Commissioner potentially mooting those motions before a decision was made. After the Court's order, these agreements may be deemed too risky by future litigants, who will feel compelled to burden the appellate courts with additional emergency motions.

By invoking the parties' temporary standstill agreement to sidestep full consideration of the imminent harm Appellees face, the Court has undermined the

8

protections that Rule 29.3 (and appellate injunctions) should provide to parties trying to stop governmental officials from acting ultra vires. The Court should grant rehearing to fully consider the harm Appellees face (and the threat to this Court's jurisdiction) in deciding whether to prevent the Commissioner from proceeding with the procurement (including executing contracts) pending resolution of her appeal.

## III. The Commissioner's merits arguments against a temporary order are unavailing.

The Commissioner's response also recycles her arguments on the merits of Appellees' motions, continuing to mischaracterize the claims and relief sought. Resp. at 4–7. Appellees have addressed these arguments in their prior briefing and will not belabor those points here. But they note that the Commissioner's insistence that her interests are the same as the public interest fundamentally misunderstands the nature of an ultra vires claim. The Commissioner has no protectable interest in continuing to violate the law. *See In re State*, 711 S.W.3d 641, 648 (Tex. 2024) (orig. proceeding) ("The County is not harmed by being required to follow the Texas Constitution."). And her argument that the State suffers irreparable injury if it is "enjoined by a court from effectuating statutes enacted by representatives of its people," Resp. at 6, gets it all wrong. As the trial court found, the Commissioner is (and would be) defying—not effectuating—the Legislature's statutes. In analyzing whether a temporary order is proper, the Court should take into account the trial court's detailed factual findings that Appellees will likely succeed on their claim that

9

the Commissioner is acting ultra vires. These findings demonstrate that the Commissioner is acting in violation of the laws governing procurements, and the public interest is undoubtedly served by enjoining any further unlawful conduct.

The Commissioner's recent insistence on immediately finalizing the procurement and her arguments of alleged harm from delay ignore her earlier agreements to postpone execution of contracts until after the temporary-injunction hearing (CR:2629), during the Legislative session (Ex. B to Superior's 29.3 Motion), and until after Appellees sought temporary orders on appeal (*id.*). Yet the Commissioner continues to make hyperbolic, evidence-free claims about the injunction "jeopardiz[ing] the healthcare of over four million Texans," Resp. at 7, even though no harm has befallen the Commissioner or the people of Texas in the intervening fourteen months while the procurement has been stayed. The Commissioner has never, in all her various briefs, identified *any* evidence of *any* harm caused by the temporary injunction, and she has not explained why a short additional delay until the appeal is resolved is any different from the lengthy delay she already agreed to, especially given this Court's stated intent to expeditiously resolve the appeal. In contrast, the Commissioner's rush to execute contracts that the trial court found are likely illegal based on the Commissioner's ultra vires conduct— before this Court even has an opportunity to rule on the pending appeal— will irreparably harm Appellees, the State, and STAR & CHIP members.

10

**IV.** **In any event, the Court should extend the administrative stay to protect Appellees and its own jurisdiction until full consideration of Appellees' motions occurs.**

If the Court does not grant rehearing, it should nevertheless extend its administrative stay until after the Supreme Court disposes of Appellees' mandamus petitions and Appellees have the opportunity to seek additional relief in this Court, if needed. If the Supreme Court denies mandamus relief, that would eliminate this Court's stated basis for denying Appellees' motions by removing resort to the Supreme Court as protection against imminent harm. In that instance, Appellees will return to this Court to re-urge their motions in light of the changed circumstances. But as discussed above, the Commissioner believes that a Supreme Court denial would terminate the standstill agreement's protection and allow her to immediately proceed with the contract awards. This action could be accomplished very quickly, even before Appellees could secure temporary emergency relief from this Court. To protect Appellees and its own jurisdiction, the Court should extend its administrative stay to ensure that the Commissioner cannot act until after this Court rules on any renewed motions for a temporary order following the Supreme Court's decision.

## CONCLUSION AND PRAYER

The Court should grant Appellees' motions for rehearing and fully consider their arguments about the imminent, irreparable harm they face in the absence of relief from this Court reinstating the trial court's temporary injunction pending

11

resolution of the Commissioner's appeal. Alternatively, the Court should continue its administrative stay until after the Supreme Court resolves Appellees' mandamus petitions and this Court has had the opportunity to consider Appellees' renewed requests for relief in this Court. Appellees also request any other relief to which they are entitled.

Respectfully submitted,

| | |
|---|---|
| /s/ *Susan Feigin Harris* | /s/ *Amy Warr* |

Susan Feigin Harris
State Bar No. 06876980
susan.harris@nortonrosefulbright.com
Warren S. Huang
State Bar No. 00796788
warren.huang@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US, LLP
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151

Paul Trahan
State Bar No. 24003075
paul.trahan@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US, LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201

Thomas A. Coulter
State Bar No. 04885500
tom.coulter@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US, LLP
799 9th Street, NW, Suite 1000
Washington, D.C. 20001
Telephone: (202) 662-0200

**COUNSEL FOR APPELLEE TEXAS CHILDREN'S HEALTH PLAN**

Amy Warr
State Bar No. 00795708
awarr@adjtlaw.com
Anna M. Baker
State Bar No. 00791362
abaker@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
100 Congress Avenue, Suite 1450
Austin, Texas 78701-2709
Telephone: (512) 482-9300

Karen C. Burgess
State Bar No. 00796276
kburgess@burgesslawpc.com
Katie Dolan-Galaviz
State Bar No. 24069620
kgalaviz@burgesslawpc.com
BURGESS LAW PC
404 West 13th Street
Austin, Texas 78701-1825
Telephone: (512) 482-8808

Matthew P. Gordon
*Admission Pro Hac Vice*
mgordon@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359.8000

**COUNSEL FOR APPELLEE COOK CHILDREN'S HEALTH PLAN**

13

HOLLAND & KNIGHT LLP

By: */s/ Richard B. Phillips, Jr.*
Richard B. Phillips, Jr.
Texas Bar No. 24032833
rich.phillips@hklaw.com

One Arts Plaza
1722 Routh Street, Suite 15500
Dallas, Texas 75201
(214) 964-9500 (telephone)
(214) 964-9501 (facsimile)

Karen D. Walker
*Admitted Pro Hac Vice*
karen.walker@hklaw.com
Tiffany Roddenberry
*Admitted Pro Hac Vice*
tiffany.roddenberry@hklaw.com

315 S. Calhoun Street, Suite 600
Tallahassee, Florida 32301
(850) 425-5612 (telephone)
(850) 224-8832 (facsimile)

**COUNSEL FOR APPELLEE SUPERIOR
HEALTHPLAN, INC.**

*/s/ Stacy R. Obenhaus*
Stacy R. Obenhaus
Texas Bar No. 15161570
sobenhaus@foley.com
Michelle Y. Ku
Texas Bar No. 24071452
mku@foley.com
FOLEY & LARDNER LLP
2021 McKinney, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000

Robert F. Johnson III
Texas Bar No. 10786400
rjohnson@foley.com
FOLEY & LARDNER LLP
600 Congress, Suite 3000
Austin, Texas 78701
Telephone: (512) 542-7000

**COUNSEL FOR APPELLEE WELLPOINT
INSURANCE COMPANY**

14

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this reply contains 2,807 words, excluding the contents listed in Rule 9.4(i)(1).

/s/ *Richard B. Phillips, Jr.*
Richard B. Phillips, Jr.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Richard Phillips on behalf of Richard Phillips Jr.
Bar No. 24032833
Rich.Phillips@hklaw.com
Envelope ID: 109380897
Filing Code Description: Other Document
Filing Description: Appellees' Joint Reply in Support of Motion for Rehearing of Rule 29.3 Motions
Status as of 12/22/2025 3:52 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michaelle Peters | | mpeters@scottdoug.com | 12/22/2025 3:46:41 PM | SENT |
| Julie Wright | | julie.wright@nortonrosefulbright.com | 12/22/2025 3:46:41 PM | SENT |
| Amanda DoddsPrice | | amanda.price@squirepb.com | 12/22/2025 3:46:41 PM | SENT |
| Karen Burgess | 796276 | kburgess@burgesslawpc.com | 12/22/2025 3:46:41 PM | SENT |
| Mark Emery | 24050564 | mark.emery@nortonrosefulbright.com | 12/22/2025 3:46:41 PM | SENT |
| Robert Johnson | 10786400 | rjohnson@foley.com | 12/22/2025 3:46:41 PM | SENT |
| Richard Phillips | 24032833 | Rich.Phillips@hklaw.com | 12/22/2025 3:46:41 PM | SENT |
| J McCaig | 24070083 | meghan.mccaig@outlook.com | 12/22/2025 3:46:41 PM | SENT |
| Michelle Ku | 24071452 | mku@foley.com | 12/22/2025 3:46:41 PM | SENT |
| Joseph Knight | 11601275 | jknight@ebbklaw.com | 12/22/2025 3:46:41 PM | SENT |
| Amy Warr | 795708 | awarr@adjtlaw.com | 12/22/2025 3:46:41 PM | SENT |
| Warren Huang | 796788 | warren.huang@nortonrosefulbright.com | 12/22/2025 3:46:41 PM | SENT |
| Paul Trahan | 24003075 | paul.trahan@nortonrosefulbright.com | 12/22/2025 3:46:41 PM | SENT |
| Susan Harris | 6876980 | susan.harris@nortonrosefulbright.com | 12/22/2025 3:46:41 PM | SENT |
| Anna Baker | 791362 | abaker@adjtlaw.com | 12/22/2025 3:46:41 PM | SENT |
| Cory Scanlon | 24104599 | cory.scanlon@oag.texas.gov | 12/22/2025 3:46:41 PM | SENT |
| Mandy Patterson | | mpatterson@adjtlaw.com | 12/22/2025 3:46:41 PM | SENT |
| Michelle Joyner | | mjoyner@scottdoug.com | 12/22/2025 3:46:41 PM | SENT |
| William FCole | | William.Cole@oag.texas.gov | 12/22/2025 3:46:41 PM | SENT |
| Abril Rivera | | arivera@scottdoug.com | 12/22/2025 3:46:41 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 12/22/2025 3:46:41 PM | SENT |
| Kayla Ahmed | | kayla.ahmed@nortonrosefulbright.com | 12/22/2025 3:46:41 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Richard Phillips on behalf of Richard Phillips Jr.
Bar No. 24032833
Rich.Phillips@hklaw.com
Envelope ID: 109380897
Filing Code Description: Other Document
Filing Description: Appellees' Joint Reply in Support of Motion for Rehearing of Rule 29.3 Motions
Status as of 12/22/2025 3:52 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Kayla Ahmed | | kayla.ahmed@nortonrosefulbright.com | 12/22/2025 3:46:41 PM | SENT |
| Kristin Hernandez | | kristin.hernandez@foley.com | 12/22/2025 3:46:41 PM | SENT |
| Thomas Coulter | 4885500 | tom.coulter@nortonrosefulbright.com | 12/22/2025 3:46:41 PM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 12/22/2025 3:46:41 PM | SENT |
| Cheryl LaFond | 24104015 | clafond@scottdoug.com | 12/22/2025 3:46:41 PM | SENT |
| Jessie Johnson | | jessie.johnson@nortonrosefulbright.com | 12/22/2025 3:46:41 PM | SENT |
| Benjamin Grossman | | bjgrossman@foley.com | 12/22/2025 3:46:41 PM | SENT |
| Katie Dolan-Galaviz | | kgalaviz@burgesslawpc.com | 12/22/2025 3:46:41 PM | SENT |
| David Johns | | david@cobbjohns.com | 12/22/2025 3:46:41 PM | SENT |
| Jennifer Cook | | Jennifer.Cook@oag.texas.gov | 12/22/2025 3:46:41 PM | SENT |
| Juliana Bennington | | jbennington@perkinscoie.com | 12/22/2025 3:46:41 PM | SENT |
| Jonathan Hawley | | jhawley@perkinscoie.com | 12/22/2025 3:46:41 PM | SENT |
| Trisha Marino | | tmarino@perkinscoie.com | 12/22/2025 3:46:41 PM | SENT |
| Perkins Docketing Team | | DocketSEA@perkinscoie.com | 12/22/2025 3:46:41 PM | SENT |
| Karen Walker | | karen.walker@hklaw.com | 12/22/2025 3:46:41 PM | SENT |
| Tiffany Roddenberry | | tiffany.roddenberry@hklaw.com | 12/22/2025 3:46:41 PM | SENT |
| Stacey Obenhaus | | sobenhaus@foley.com | 12/22/2025 3:46:41 PM | SENT |
| Jason R.LaFond | | jlafond@scottdoug.com | 12/22/2025 3:46:41 PM | SENT |
| Matthew Gordon | | mgordon@perkinscoie.com | 12/22/2025 3:46:41 PM | SENT |
| Jeffrey Stephens | | jeff.stephens@oag.texas.gov | 12/22/2025 3:46:41 PM | SENT |
| Stacey Jett | | sjett@adjltaw.com | 12/22/2025 3:46:41 PM | SENT |
| Victor Hernandez | | victor.hernandez@oag.texas.gov | 12/22/2025 3:46:41 PM | SENT |
| Mohmed Patel | | mohmed.patel@oag.texas.gov | 12/22/2025 3:46:41 PM | SENT |